■ JONG IL LEE, Respondent, v DEVIZHNAV EN SALTO et al., Defendants, and LISA A. COON et al., Appellants. [969 NYS2d 87]—

In an action to recover damages for personal injuries, the defendants Lisa A. Coon and William Coon appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered May 21, 2012, as granted the plaintiff's motion to vacate an order of the same court dated May 16, 2011, granting, upon the plaintiff's default, their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and thereupon denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order entered May 21, 2012, is modified, on the law, by deleting the provision thereof, upon the vacatur of the order dated May 16, 2011, denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision granting, on the merits, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them; as so modified, the order entered May 21, 2012, is affirmed insofar as appealed from, with costs to the appellants.

In order to vacate an order entered on default, a plaintiff is required to demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (*see* CPLR 5015 [a] [1]; *Needleman v Tornheim*, 106 AD3d 707 [2013]; *HSBC Bank USA N.A. v Nuteh 72 Realty Corp.*, 70 AD3d 998, 999 [2010]). "A decision to vacate a prior order or judgment rests in the sound discretion of the court and will be upheld in the absence of an improvident exercise of that discretion" (*Epps v LaSalle Bus*, 271 AD2d 400, 400 [2000]; *see Mita v Bianchi*, 286 AD2d 376 [2001]). Here, the Supreme Court providently exercised its discretion in granting the plaintiff's motion to

vacate its prior order, which was entered upon the plaintiff's default in opposing the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.

However, the appellants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The appellants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's right shoulder and to the cervical and lumbar regions of his spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). Further, the appellants submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Richards v Tyson*, 64 AD3d 760, 761 [2009]).

The plaintiff failed to raise a triable issue of fact in opposition. Therefore, upon vacating the earlier order, the Supreme Court should have granted, on the merits, the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.