■ CAVALRY SPV I, LLC, Respondent, v ERNEST J. FRENKEL, Appellant. [989 NYS2d 344]—

In an action to recover damages for breach of a credit card agreement, the defendant appeals from an order of the Supreme Court, Rockland County (Kelly, J.), entered March 11, 2013, which denied his motion pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court dated January 8, 2013, entered in favor of the plaintiff and against him in the total sum of $13,226.59, upon his failure to appear or answer the complaint.

Ordered that the order is affirmed, without costs or disbursements.

A party seeking to vacate a default pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for his or her delay in appearing and answering the complaint and a poten-

tially meritorious defense to the action (*see Citibank [S.D.], N.A. v Baron*, 115 AD3d 901 [2014]; *U.S. Bank N.A. v Slavinski*, 78 AD3d 1167 [2010]; *O'Donnell v Frangakis*, 76 AD3d 999, 1000 [2010]; *Katz v Marra*, 74 AD3d 888, 890 [2010]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524 [2008]).

Here, the defendant failed to demonstrate a reasonable excuse for his default. In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious defense (*see Centennial El. Indus., Inc. v Ninety-Five Madison Corp.*, 90 AD3d 689, 690 [2011]; *O'Donnell v Frangakis*, 76 AD3d at 1000).

Accordingly, the Supreme Court properly denied the defendant's motion to vacate the default judgment. Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.