■ MAHER ABDELQADER, Appellant, v ANWAR ABDELQADER et al., Respondents, et al., Defendants. [993 NYS2d 68]—

In an action to recover damages for breach of a settlement agreement, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated August 16, 2013, as, upon renewal, and after a hearing, in effect, vacated the determination in an order of the same court entered July 24, 2012, denying the defendants' motion to vacate a default judgment entered September 16, 2011, insofar as it was in favor of him and against the defendant Anwar Abdelqader in the principal sum of $942,857 and thereupon granted the defendants' motion to vacate that judgment, and thereafter granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendants Anwar Abdelqader and Jawad Abdelqader for lack of personal jurisdiction.

Ordered that the order dated August 16, 2013 is reversed insofar as appealed from, on the facts and in the exercise of discretion, that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendants Anwar Abdelqader and Jawad Abdelqader is denied, and, upon renewal, the determination in the order entered July 24, 2012, denying that branch of the defendants' motion which was to vacate the default judgment entered September 16, 2011, insofar as it was in favor of the plaintiff and against the defendant Anwar Abdelqader in the principal sum of $942,857 is adhered to; and it is further,

Ordered that the plaintiff is authorized, if he be so advised, to serve or re-serve copies of the summons and complaint upon the defendant Jawad Abdelqader at any time within 120 days following the date of this decision and order; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

As noted in this Court's companion decision in *Abdelqader v Abdelqader* (120 AD3d 1275 [2014] [decided herewith]), the Supreme Court, in an order entered July 24, 2012, denied the defendants' motion pursuant to CPLR 5015 (a) to vacate a default judgment that had been entered against them. Thereafter, the defendants moved to renew their motion to vacate the default judgment pursuant to CPLR 5015 (a), and thereupon to dismiss the complaint for lack of personal jurisdiction. Upon renewal, the Supreme Court denied the defendants' motion insofar as it sought the vacatur of the default judgment as against the defendants Mayson Zaben and Nashat Abdelqader (hereinafter Nashat), but directed a hearing with respect to those branches of the motion which sought relief on behalf of Anwar Abdelqader (hereinafter Anwar) and Jawad Abdelqader (hereinafter Jawad). After the hearing, the court, upon renewal, granted those branches of the motion which were to vacate the default judgment insofar as entered against Anwar and Jawad. The court also granted those branches of the motion which were to dismiss the complaint insofar as asserted against Anwar and Jawad. The plaintiff appeals.

Contrary to the determination of the Supreme Court, the plaintiff established that Anwar was properly served with process, and that CPLR 5015 (a) (4) provides no basis for vacatur of the default judgment insofar as entered against him (*see Toyota Motor Credit Corp. v Lam*, 93 AD3d 713 [2012]; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588 [2009]; *cf. Rowlan v Brooklyn Jewish Hosp.*, 100 AD2d 844, 844-845 [1984]; *cf. also Wells Fargo Bank, N.A. v Chaplin*, 100 AD3d 744, 745 [2012]). For reasons that parallel those expressed with respect to Zaben and Nashat (*see Abdelqader v Abdelqader*, 120 AD3d 1275 [2014] [decided herewith]), we further conclude that Anwar is not entitled to relief from the default judgment pursuant to CPLR 5015 (a) (1).

The plaintiff argues that this Court should, in the interest of justice, grant an extension of time within which to effect service upon Jawad and Anwar pursuant to CPLR 306-b. Although, in light of our determination, this argument has been rendered academic with respect to Anwar, that is not the case with respect to Jawad.

Here, the four defendants and the plaintiff are all siblings, and the action arises from transactions in which the four sibling defendants allegedly acted in concert. For the reasons stated above and in *Abdelqader v Abdelqader* (120 AD3d 1275 [2014] [decided herewith]), the defendants Anwar, Nashat, and Zaben are in default in answering or appearing, and will necessarily be

bound by the default judgment, while Jawad is presently not in default since the evidence submitted at the hearing to determine the propriety of service demonstrated that service of process was not validly, timely, or properly effected upon Jawad. Under these particular circumstances, the interest of justice requires that fairness be maintained amongst the siblings. Accordingly, rather than granting that branch of the motion which was to dismiss the complaint insofar as asserted against Jawad for lack of personal jurisdiction over him, we exercise our discretion and permit the plaintiff, if he be so advised, to serve or re-serve process upon Jawad within 120 days of the date of this decision and order (*see* CPLR 306-b; *Prudence v Wright*, 94 AD3d 1073 [2012]; *see Gurevitch v Goodman*, 269 AD2d 355 [2000]). Skelos, J.P., Hall, Duffy and Barros, JJ., concur.