(September 17, 2014)

■ MAHER ABDELQADER, Respondent, v ANWAR ABDELQADER et al., Appellants. [993 NYS2d 71]—

In an action to recover damages for breach of a settlement agreement, the defendants appeal from an order of the Supreme Court, Queens County (Agate, J.), entered July 24, 2012, which denied their motion to vacate a default judgment entered September 16, 2011, in favor of the plaintiff and against them in the principal sum of $942,857.

Ordered that the appeals by the defendants Anwar Abdelqader and Jawad Abdelqader are dismissed as academic in light of the determination of the Supreme Court in an order dated August 16, 2013, made upon renewal, in effect, vacating the determination in the order entered July 24, 2014, denying those branches of the defendants' motion which were to vacate the default judgment insofar as against the defendants Anwar Abdelqader and Jawad Abdelqader, and thereupon granting those branches of the motion (*see Abdelqader v Abdelqader*, 120 AD3d 1277 [2014] [decided herewith]); and it is further,

Ordered that the order entered July 24, 2012 is affirmed on the appeal by the defendants Nashat Abdelqader and Mayson Zaben; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

An affidavit of service dated July 13, 2011, in which a process server attested to personally delivering a copy of the summons and complaint on June 18, 2011, to the defendant Mayson Zaben constitutes prima facie evidence that service was properly made on her pursuant to CPLR 308 (1) (*see Wisselman, Harounian & Assoc., P.C. v Dowlah*, 117 AD3d 822 [2014]; *Academic Fed. Credit Union v Duhe*, 116 AD3d 721 [2014]). Zaben's "bare and unsubstantiated" denial of receipt of process was insufficient to raise any issue of fact in this respect (*Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719, 719 [2014]; *see Reich v Redley*, 96 AD3d 1038 [2012]; *Citimortgage, Inc. v Phillips*, 82 AD3d

1032 [2011]). Zaben failed to contradict the process server's description of her as set forth in the relevant affidavit of service (cf. *Wells Fargo Bank, N.A. v Final Touch Interiors, LLC*, 112 AD3d 813 [2013]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896 [2013]).

In an affidavit of service dated June 16, 2011, the process server attested to affixing a copy of the summons and complaint to the door of the residence of the defendant Nashat Abdelqader (hereianfter Nashat) and properly mailing an additional copy to him at that residence, after diligent attempts at personal delivery and "deliver and mail" service were unsuccessful. This affidavit constitutes prima facie evidence that service was properly effected on Nashat pursuant to CPLR 308 (4) (*see Wisselman, Harounian & Assoc., P.C. v Dowlah*, 117 AD3d 822 [2014]). Nashat's unsubstantiated denial of receipt of process was insufficient to raise any issue of fact in this respect (*see Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759 [2013]; *Burekhovitch v Tatarchuk*, 99 AD3d 653 [2012]).

Since Nashat and Zaben "failed to come forward with any factually specific, detailed evidence to rebut the presumption of valid service created by" the relevant affidavits of service (*Academic Fed. Credit Union v Duhe*, 116 AD3d at 721), the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (4) to vacate the respective defaults of Nashat and Zaben in appearing or answering the complaint.

Nashat argues, in the alternative, that the Supreme Court should have vacated his default pursuant to CPLR 5015 (a) (1), inasmuch as he had a reasonable excuse for his default in answering the complaint and a potentially meritorious defense to the action. Nashat's sole contention in support of his argument that he had a reasonable excuse for his default is that, regardless of whether he was properly served with process, he did not actually receive a copy of the summons and complaint in time to answer or appear and, thus, had no knowledge or notice of the commencement of the action against him. Nashat's submissions, however, failed to rebut the presumption of receipt based on proof of proper mailing (*see Engel v Lichterman*, 62 NY2d 943 [1984]; *Clover M. Barrett, P.C. v Gordon*, 90 AD3d 973 [2011]; *Centennial El. Indus., Inc. v Ninety-Five Madison Corp.*, 90 AD3d 689 [2011]; *C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d 784 [2010]; *Deutsche Bank Natl. Trust Co. v Matos*, 77 AD3d 606 [2010]) and, thus, failed to establish a reasonable excuse for his default in answering the complaint. Consequently, we need not address the question of whether

Nashat had a potentially meritorious defense (*see Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766 [2014]; *Vardaros v Zapas*, 105 AD3d 1037, 1038 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724 [2013]; *Maida v Lessing's Rest. Servs., Inc.*, 80 AD3d 732 [2011]; *O'Donnell v Frangakis*, 76 AD3d 999 [2010]). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015 (a) (1) to vacate Nashat's default.

The remaining contentions of Nashat and Zaben are without merit. Skelos, J.P., Hall, Duffy and Barros, JJ., concur.