■ MICHAEL A. CERVINI, Respondent, v CISCO GENERAL CONSTRUCTION, INC., Appellant. [1 NYS3d 195]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), entered October 31, 2013, which denied those branches of its motion which were pursuant to CPLR 5015 (a) (1) to vacate a judgment of the same court entered March 28, 2013, upon its failure to appear or answer the complaint, and to extend its time to answer the complaint and to have its answer deemed timely served nunc pro tunc.

Ordered that the order is affirmed, with costs.

"A defendant seeking to vacate a default in appearing or answering must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (*Wells Fargo Bank v Malave*, 107 AD3d 880, 880-881 [2013]; *see* CPLR 5015 [a] [1]; *Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]). "The absence of a reasonable excuse for the default renders it unnecessary to determine whether the [movant] demonstrated the existence of a potentially meritorious defense" (*Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]). Moreover, such a motion "is addressed to the sound discretion of the court" (*Needleman v Tornheim*, 106 AD3d 707, 708 [2013]; *see Madison Acquisition Group, LLC v 7614 Fourth Real Estate Dev., LLC*, 111 AD3d 800, 800 [2013]; *Jong Il Lee v En Salto*, 107 AD3d 950, 950 [2013]).

Here, the defendant failed to demonstrate a reasonable excuse for its default (*see Abdelqader v Abdelqader*, 120 AD3d 1275 [2014]; *Cavalry SPV I, LLC v Frenkel*, 119 AD3d 724 [2014]; *Chase Home Fin., LLC v Minott*, 115 AD3d 634 [2014]; *Kim v S&M Caterers, Inc.*, 112 AD3d 581 [2013]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether the defendant sufficiently demonstrated the existence of a potentially meritorious defense (*see Abdelqader v Abdelqader*, 120 AD3d at 1275; *Cavalry SPV I, LLC v Frenkel*, 119 AD3d at 724).

Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were pursuant to CPLR 5015 (a) (1) to vacate the judgment and to extend its time to answer the complaint and have its answer deemed timely served nunc pro tunc.

In light of our determination, we need not consider the defendant's remaining contentions. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.