■ In the Matter of MAHER ABDELQADER, Respondent, v ANWAR ABDELQADER et al., Appellants. [60 NYS3d 353]—

In a proceeding pursuant to CPLR 5206 (e) to compel the sale of two homesteads to satisfy a money judgment, Anwar Abdelqader, Mayson Zaben, and Nashat Abdelqader appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Nahman, J.), entered April 6, 2016, as denied those branches of their motion which were to preliminarily enjoin the sale of a homestead owned by Anwar Abdelqader, to dismiss the petition insofar as asserted against Anwar Abdelqader, and, in effect, to vacate a judgment entered against them in an underlying action upon their failure to appear or answer the complaint, and granted the petitioner's motion to strike their answer and dismiss their counterclaims, and (2) so much of an order of the same court, also entered April 6, 2016, as granted the petition insofar as asserted against Anwar Abdelqader.

Ordered that the appeals by Mayson Zaben and Nashat Abdelqader from the second order entered April 6, 2016, are dismissed, as those parties are not aggrieved by that order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010]); and it is further,

Ordered that the first order entered April 6, 2016, is affirmed insofar as appealed from; and it is further,

Ordered that the second order entered April 6, 2016, is affirmed insofar as appealed from by Anwar Abdelqader; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The petitioner in the instant proceeding, Maher Abdelqader, previously commenced an action alleging breach of a settlement agreement against his siblings Anwar Abdelqader, Mayson Zaben, and Nashat Abdelqader (hereinafter collectively the siblings). The siblings failed to appear or answer the complaint. On September 16, 2011, the petitioner secured a judgment against several defendants, including the siblings, in the principal sum of $942,857, upon the siblings' failure to appear or answer the complaint. Thereafter, the siblings all moved pursuant to CPLR 5015 (a) (1) and (4) to vacate their

respective defaults in appearing or answering the complaint. The Supreme Court denied the motion with respect to Nashat Abdelqader and Mayson Zaben, and this Court affirmed the Supreme Court's determination (*see Abdelqader v Abdelqader*, 120 AD3d 1275 [2014]). Although the Supreme Court, upon renewal, granted the motion with respect to Anwar Abdelqader, this Court reversed, finding that Anwar Abdelqader was not entitled to vacatur of his default pursuant to either CPLR 5015 (a) (1) or (4) (*see Abdelqader v Abdelqader*, 120 AD3d 1277 [2014]).

In October 2013, approximately two years after the default judgment was entered, the appellants Nashat Abdelqader and Mayson Zaben transferred their respective interests in property located in Howard Beach for no consideration. One of the transferees was Nashat's wife, nonparty Renee Abdelqader. At about the same time, the appellant Anwar Abdelqader transferred his interest in property located in Forest Hills to Mona Abdelqader for no consideration. In August 2015, the petitioner commenced this enforcement proceeding pursuant to CPLR 5206 (e) to authorize and direct the sale of the Howard Beach property and the Forest Hills property in order to satisfy the petitioner's default judgment.

The siblings filed an answer to the petition and asserted several counterclaims. In November 2015, more than four years after the default judgment was entered, the siblings also moved to preliminarily enjoin the sale of the two properties, to dismiss the petition, and, in effect, to vacate the default judgment entered against them in the underlying action. The petitioner moved to strike the siblings' answer and dismiss their counterclaims. In the first order appealed from, the Supreme Court denied the siblings' motion and granted the petitioner's motion, concluding that the siblings offered no more than broad, unsubstantiated allegations of fraud, and that the request to vacate the default judgment was untimely. In the second order appealed from, the court granted the petition insofar as asserted against Anwar Abdelqader and denied the petition insofar as asserted against Nashat Abdelqader and Mayson Zaben. The siblings appeal.

Contrary to the siblings' contention, their general allegations of fraud with respect to the underlying settlement agreement, asserted four years after the entry of the default judgment, were insufficient to warrant denial of the petition pursuant to CPLR 5206 (e), and they failed to set forth any other cognizable basis as to why the Supreme Court should have dismissed the petition (*see* CPLR 5206; *Matter of Thaler v Hunt*, 104

AD3d 954, 954 [2013]; *Matter of Renke v Kwiecinski*, 83 AD3d 947, 947 [2011]; *cf. Lambert v Schreiber*, 95 AD3d 1282, 1283 [2012]). The petitioner obtained a lawful default judgment against the siblings and successfully defended subsequent attempts to vacate the judgment. Notwithstanding any homestead exemption to which they may be entitled (*see* CPLR 5206 [e]), the siblings' transfers of their respective interests in the Howard Beach and Forest Hills properties were ineffective as against the petitioner, who is the judgment creditor. The default judgment was docketed at a time when the siblings, who are judgment debtors, retained their respective ownership interests in the properties, and less than 10 years had passed between the entry of the judgment and the transfers (*see* CPLR 5203 [a]; *Cadle Co. v Calcador*, 85 AD3d 700, 702 [2011]; *see also* CPLR 5201 [b]).

The siblings' remaining contention is without merit.

Accordingly, the Supreme Court properly denied those branches of the siblings' motion which were to dismiss the petition insofar as asserted against Anwar Abdelqader, and, in effect, to vacate the judgment entered against them upon their failure to appear or answer the complaint, granted the petitioner's motion to strike their answer and dismiss their counterclaims, and granted the petition insofar as asserted against Anwar Abdelqader.

The siblings' contention regarding that branch of their motion which was for a preliminary injunction with respect to the property owned by Anwar Abdelqader has been rendered academic in light of our determination. Leventhal, J.P., Hall, Hinds-Radix and Maltese, JJ., concur.