■ DOREEN CICCONE, Appellant, v BARREN ISLAND MARINA, INC., et al., Respondents. [604 NYS2d 789] —In an action to recover damages for personal injuries, the plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated May 8, 1991, as denied her cross motion for an inquest on the default of the defendants in answering, to be held on a date certain, and (2) from an order of the same court, dated August 21, 1991, which directed her to serve a bill of particulars and to respond to discovery demands.

Ordered that the order dated May 8, 1991, is reversed insofar as appealed from, as a matter of discretion, the cross motion is granted, the order dated August 21, 1991, is vacated, and the matter is remitted to the Supreme Court, Kings County, to set a date certain for inquest and for entry of a default judgment against the defendants; and it is further,

Ordered that the appeal from the order dated August 21, 1991, is dismissed as academic, in light of our determination on the appeal from the order dated May 8, 1991; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

By order dated September 18, 1990, the Supreme Court, Kings County, granted the plaintiff's motion to declare the defendants in default as the result of their failure to timely serve an answer "unless defendants serve an answer within 40 days of the date of this order". Thereafter, the defendant Barren Island Marina, Inc. (hereinafter Barren Island) moved to vacate its default, and by order dated October 30, 1990, the trial court granted Barren Island's motion only "to the extent that defendant may file a late answer within 40 days of the date of this order". However, Barren Island did not serve an answer until that period had expired, and failed to offer a

reasonable excuse for its failure to do so. Thus, the plaintiff's cross motion for an inquest, upon the defendants' default in answering, to be held on a date certain, is granted, and no discovery is warranted (cf., *Sonju v Continental Garage Mgt. Corp.*, 108 AD2d 671). Bracken, J. P., Balletta, Eiber, O'Brien and Pizzuto, JJ., concur.