■ KWABENA YEBOAH, Appellant, v GAINES SERVICE LEASING et al., Respondents. [673 NYS2d 403] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered August 4, 1997, which, in this personal injury action, granted defendants' motion to compel a physical examination and oral deposition of plaintiff for the purpose of their appearance at inquest, unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff obtained an order granting judgment upon defendants' default in appearance. Prior to entry of the order, defendants served an answer, which plaintiff rejected. Defendants did not thereafter move to vacate their default. However, some seven months after plaintiff filed a note of issue upon them, defendants submitted this motion for leave to conduct a physical examination and oral deposition of plaintiff, limited to the issue of damages and medical treatment. Supreme Court granted the motion for discovery, postponing the inquest for five weeks.

It is settled that "a defendant who has served a notice of appearance is entitled to notice of the assessment, to appear and cross-examine the plaintiff's witnesses, and to offer testimony upon the question of damages" (*McClelland v Climax Hosiery*

*Mills,* 252 NY 347, 351). Similarly, CPLR 3215 has been construed to afford a defendant with "five days' notice of the application (subd [f]), as well as a full opportunity to cross-examine witnesses, give testimony and offer proof in mitigation of damages" (*Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 572). However, if the brief notice period of the statute leaves any doubt (*see, Ayala v Boss,* 120 Misc 2d 430), the *Reynolds* decision makes it clear that the pursuit of discovery on the question of damages is exclusively the prerogative of the plaintiff because, "as a result of his default, the defendant has now forfeited his right to take the plaintiff's deposition" (*supra,* at 573). Therefore, it is error to permit a defaulting defendant to conduct discovery of the plaintiff in preparation for an appearance at inquest.

Motion denied insofar as it seeks leave to appeal to the Court of Appeals; insofar as renewal/reargument/reconsideration is sought, the motion is granted and thereupon this Court's unpublished decision and order entered on February 10, 1998 (Appeal No. 195N) is recalled and vacated and a new decision and order is substituted therefor, decided simultaneously herewith. Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.