■ MARIO SANTIAGO, Appellant-Respondent, v ANTHONY SIEGA, Respondent-Appellant. [679 NYS2d 341] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated November 7, 1997, as granted those branches of the defendant's motion which were to strike the note of issue and statement of readiness, stay an inquest on the issue of damages, and allow the defendant to conduct discovery, and the defendant cross-appeals from so much of the same order as denied those branches of his motion which were to direct the plaintiff to provide certain discovery.

Ordered that the order is reversed insofar as appealed from, and those branches of the defendant's motion which were to strike the note of issue and statement of readiness, stay an inquest on the issue of damages, and allow the defendant to conduct discovery are denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendant defaulted in appearing in the action (*see, Santiago v Siega,* 255 AD2d 306 [decided herewith]). It is well settled that a defaulting defendant is entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages (*see, Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568; *McClelland v Climax Hosiery Mills,* 252 NY 347, 351). However, the Supreme Court erred in striking the note of issue and statement of readiness to allow the

defendant to obtain discovery, as his right to discovery was forfeited by his default in answering the complaint (*see, Reynolds Sec. v Underwriters Bank & Trust Co., supra*; *Yeboah v Gaines Serv. Leasing,* 250 AD2d 453; *Ciccone v Barren Is. Marina,* 198 AD2d 207; *cf., Ayala v Boss,* 120 Misc 2d 430). Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.