■ LYNN M. MINICOZZI, Appellant, v ROSARIO GERBINO, Respondent. [754 NYS2d 25] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated March 7, 2002, as granted the defendant's motion to vacate the note of issue, to direct her to appear for an examination before trial and an independent medical examination, to direct her to respond to the defendant's discovery demands regarding damages, and for leave to move for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

The plaintiff commenced this action to recover damages for personal injuries which she allegedly sustained in a two-vehicle collision involving the defendant. After the defendant defaulted by failing to timely serve an answer, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability and ordered an inquest on the issue of damages. Subsequently, the Supreme Court denied the defendant's motion, inter alia, to vacate his default. The defendant neither sought reargument of that motion nor appealed from that order, and, thereafter, the plaintiff filed a note of issue to place the matter on the inquest calendar. In response, the defendant moved, inter alia, to vacate the note of issue, to direct the plaintiff to provide him with certain discovery, and for leave to move for summary judgment. The Supreme Court, inter alia, granted the defendant's motion. We reverse the order insofar as appealed from and deny the defendant's motion.

The Supreme Court improperly vacated the note of issue so that the defendant could obtain discovery on the issue of damages from the plaintiff. Although "[i]t is well settled that a defaulting defendant is entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages," a defendant forfeits the right to discovery by defaulting in answering the complaint (*Santiago v Siega,* 255 AD2d 307; *see Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 573; *Yeboah v Gaines Serv. Leasing,* 250 AD2d 453, 454). Moreover, under the circumstances, that branch of the defendant's motion which sought leave to move for summary judgment should have been denied. Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.