■ James Amato, Appellant, v Fast Repair, Inc., et al., Respondents. (And a Third-Party Action.) [790 NYS2d 510]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated March 22, 2004, as granted those branches of the defendants' motion which were (1) to vacate so much of a prior order of the same court dated November 19, 2002, granting that branch of his motion which was to strike the answer for failure to comply with court-ordered discovery upon the defendants' default in appearing at oral argument and, in effect, denied that branch of his motion and, (2) in effect, to strike the note of issue and certificate of readiness and to permit the defendants to conduct additional discovery.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch

of the defendants' motion which was to vacate so much of the order dated November 19, 2002, granting that branch of the plaintiffs' motion which was to strike the answer for failure to comply with court-ordered discovery is denied, that portion of the order dated November 19, 2002, is reinstated, and those branches of the defendants' motion which were to strike the note of issue and certificate of readiness and to permit the defendants to conduct additional discovery are denied.

To vacate their default, the defendants were required to demonstrate both a reasonable excuse for their default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Roussodimou v Zafiriadis,* 238 AD2d 568, 568-569 [1997]). The defendants' failure to respond to the plaintiff's discovery demands, to comply with court orders, to oppose the plaintiff's motion to strike their answer, and to promptly move to vacate their default in appearing at the oral argument on the plaintiff's motion, constituted a pattern of willful default and neglect which cannot be excused (*see Santiago v New York City Health & Hosps. Corp.,* 10 AD3d 393, 394 [2004]; *29-31 N. Sta. Plaza v Shmulick Constr. Corp.,* 8 AD3d 472, 473 [2004]; *MRI Enters. v Amanat,* 263 AD2d 530 [1999]; *Roussodimou v Zafiriadis, supra.*) In addition, the affirmation of the defendants' attorney, who had no personal knowledge of the facts underlying the action, and which contained only conclusory assertions, was insufficient to demonstrate a meritorious defense (*see Kolajo v City of New York,* 248 AD2d 512 [1998]; *Studebaker-Worthington Leasing Corp. v Titus & Co.,* 238 AD2d 576, 577 [1997]). Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was to vacate so much of the prior order dated November 19, 2002, granting that branch of the plaintiff's motion which was to strike the answer for failure to comply with court-ordered discovery, upon their default in appearing at oral argument on the plaintiff's motion.

Furthermore, the Supreme Court erred in striking the note of issue and certificate of readiness and in permitting the defendants to conduct discovery. While a defaulting defendant is entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages (*see Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568, 573-574 [1978]; *McClelland v Climax Hosiery Mills,* 252 NY 347, 351 [1930]), such a defendant is not entitled to any further discovery since its answer was stricken (*see Hall v Penas,* 5 AD3d 549, 550 [2004]; *Montgomery v City of New York,* 307 AD2d 957 [2003]; *Minicozzi v Gerbino,* 301 AD2d 580 [2003]; *Santiago v*

*Siega,* 255 AD2d 307 [1998]). Adams, J.P., Cozier, Ritter and Skelos, JJ., concur.