■ GURDHIAN SINGH, Appellant, v JON FRIEDSON et al., Respondents. [829 NYS2d 552]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Schulman, J.), dated January 10, 2006, which granted the motion of the defendant Jon Friedson to compel her to produce certain authorizations pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*) to accompany a subpoena duces tecum for her medical records.

Ordered that the order is affirmed, with costs.

By decision and order dated November 13, 2001, this Court, inter alia, reversed an order of the Supreme Court, Queens County, dated June 28, 2001, and granted the plaintiff's motion for leave to enter judgment on the issue of liability against the defendant Jon Friedson as a result of his failure to appear or answer the complaint (*see Singh v Friedson,* 288 AD2d 292 [2001]). It is true that a defaulting defendant is not entitled to discovery (*see Amato v Fast Repair, Inc.,* 15 AD3d 429, 430 [2005]; *Santiago v Siega,* 255 AD2d 307, 308 [1998]; *Yeboah v Gaines Serv. Leasing,* 250 AD2d 453, 454 [1998]). However, such a defendant "is entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages" (*Santiago v Siega, supra* at 307, citing *Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568 [1978]; *McClelland v Climax Hosiery Mills,* 252 NY 347, 351 [1930]). There is a distinction between pretrial discovery and the marshaling of evidence for trial by the use of a subpoena duces tecum. Certainly, "the defendant's absolute legal right to submit proof in mitigation of the damages allegedly sustained by the plaintiff[ ] would be substantially impaired" if the defendant was deprived of the opportunity to subpoena the plaintiff's relevant medical records for use at the damages inquest (*Ayala v Boss,* 120 Misc 2d 430, 432 [1983]). Moreover, Friedson, by this motion, properly utilized the only device available to him to ensure compliance with both the subpoena duces tecum and the federal regulations pursuant to the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*; hereinafter HIPAA) (*see* CPLR 3122 [a]). Accordingly, the Supreme Court properly granted Friedson's motion to compel the plaintiff to execute HIPAA compliant medical authorizations to accompany a subpoena duces tecum for production of her medical records at the damages inquest.

The plaintiff's remaining contentions are without merit. Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.