■ CAVALRY PORTFOLIO SERVICES, LLC, Respondent, v FAIGY REISMAN, Appellant. [865 NYS2d 286]—

In an action to recover on an account stated, the defendant appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated October 19, 2007, which denied her motion, inter alia, pursuant to CPLR 5015 (a) (1) to vacate a clerk's judgment of the same court entered July 29, 2005, in favor of the plaintiff and against her in the principal sum of $20,610.84, upon her failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying that branch of the defendant's pro se motion which was pursuant to CPLR 5015 (a) (1) to vacate a clerk's judgment entered upon her default in appearing or answering the complaint since she failed to proffer a reasonable excuse for her default (*see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). The affidavit of service constituted prima facie evidence that the defendant was validly served pursuant to CPLR 308 (2) (*see Wieck v Halpern*, 255 AD2d 438 [1998]). The allegations of the defendant and her husband were insufficient to refute the contents of the affidavit of service, and failed to raise an issue of fact requiring a hearing (*see NYCTL 1997-1 Trust v Nillas*, 288 AD2d 279 [2001]; *Wieck v Halpern*, 255 AD2d 438 [1998]; *Remington Invs. v Seiden*, 240 AD2d 647 [1997]).

The Supreme Court providently exercised its discretion in denying that branch of the defendant's pro se motion which was pursuant to CPLR 317 since the defendant received notice of the summons in time to defend the action (*see e.g. Taieb v Hilton Hotels Corp.*, 60 NY2d 725 [1983]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]). The affidavit of service attesting that the summons and complaint were mailed to the defendant's correct residence address created a presumption of proper mailing and of receipt (*see Engel v Lichterman*, 62 NY2d 943, 944-945 [1984], *affg* 95 AD2d 536, 538 [1983]). The defendant's allegations that she did not personally receive notice of the summons in time to defend the action did not overcome the presumption of proper mailing (*see De La Barrera v Handler*, 290 AD2d 476, 477 [2002]; *Udell v Alcamo Supply & Contr. Corp.*, 275 AD2d 453 [2000]; *Facey v Heyward*, 244 AD2d 452 [1997]). Skelos, J.P., Ritter, Dillon, Carni and Leventhal, JJ., concur.