■ MOYSHA BUREKHOVITCH, Appellant, v LEONID TATARCHUK, Also Known as LEONID BORISOVICH, et al., Defendants, and REGINA KAPRALOVA et al., Respondents. [952 NYS2d 81]—

The Supreme Court erred in granting those branches of the motion of the defendants Regina Kapralova and the Tatarchuk Irrevocable Living Trust (hereinafter together the defendants) which were pursuant to CPLR 5015 (a) (4) to vacate the first through sixth and eighth decretal paragraphs of a judgment dated February 20, 2008, entered against them upon their default in answering the complaint or appearing in the action. The process server's affidavit of service constituted prima facie evidence of proper service upon the defendants pursuant to CPLR 308 (4), and their unsubstantiated denials of receipt of the summons and complaint were insufficient to rebut that showing (*see Irwin Mtge. Corp. v Devis*, 72 AD3d 743 [2010]; *Mortgage Elec. Registration Sys., Inc. v Schotter*, 50 AD3d 983 [2008]; *Chemical Bank v Darnley*, 300 AD2d 613, 613-614 [2002]).

Further, the defendants were not entitled to vacatur pursuant to CPLR 317 since they failed to demonstrate that they did not receive actual notice of this action in time to defend. The evi-

dence demonstrating that copies of the summons and complaint were mailed to the defendants at the correct residential address created a presumption of proper mailing and of receipt, and the defendants' mere denial of receipt was insufficient to rebut that presumption (*see Clover M. Barrett, P.C. v Gordon*, 90 AD3d 973, 973-974 [2011]; *Centennial El. Indus., Inc. v Ninety-Five Madison Corp.*, 90 AD3d 689, 690 [2011]; *393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC*, 68 AD3d 976, 976-977 [2009]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524, 525 [2008]). Eng, P.J., Rivera, Florio and Roman, JJ., concur.