In an action to foreclose a mortgage, nonparty Noel Patterson appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 3, 2011, which denied his motion to dismiss the action on the ground that the plaintiff lacked standing to commence the action, and to vacate or stay enforcement of a warrant of eviction.
Ordered that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on property then owned by the defendant Peter Patterson. Noel Patterson, who alleges that he was Peter Patterson’s tenant, was not named as a defendant in the foreclosure action. No defendants appeared or answered the complaint, and a judgment of foreclosure and sale was entered on August 25, 2008. The plaintiff purchased the subject property at a foreclosure sale on February 2, 2009. On December 28, 2009, a warrant of eviction was issued by the Fifth District Court of Suffolk County, commanding the sheriff to remove Noel Patterson and Peter Patterson from the subject premises.
By order to show cause dated May 25, 2011, Noel Patterson moved to dismiss the foreclosure action on the ground of lack of standing, and to vacate or stay the warrant of eviction on the ground, inter alia, that he was not properly served with a “10 Day Notice to Quit with Referee’s Deed.” The Supreme Court properly denied the motion. Since Noel Patterson was not a party to the foreclosure action, he was not entitled to move to dismiss the action on the ground that the plaintiff lacked standing to commence the action (see CPLR 3211). The fact that Noel *859 Patterson was not a party to the foreclosure action simply means that any rights he has are unaffected by the judgment and sale (see 1426 46 St., LLC v Klein, 60 AD3d 740, 742 [2009]; 6820 Ridge Realty v Goldman, 263 AD2d 22, 26 [1999]; Polish Natl. Alliance of Brooklyn v White Eagle Hall Co., 98 AD2d 400, 406 [1983]). Further, contrary to Noel Patterson’s contention, the process server’s affidavit of service with respect to service of a “10 Day Notice to Quit with Referee’s Deed” constituted prima facie evidence of proper service pursuant CPLR 308 (4), and Noel Patterson failed to rebut the prima facie showing (see Burekhovitch v Tatarchuk, 99 AD3d 653 [2012]; Irwin Mtge. Corp. v Devis, 72 AD3d 743 [2010]; Mortgage Elec. Registration Sys., Inc. v Schotter, 50 AD3d 983 [2008]).
The arguments made in the appellant’s brief on behalf of Peter Patterson are not properly before this Court, since Peter Patterson did not join in Noel Patterson’s motion (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]).
The appellant’s remaining contentions are not properly before this Court. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.