■ CHRISTOPHER KOLONKOWSKI, Appellant, v DAILY NEWS, L.P., Respondent. [977 NYS2d 271]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered August 7, 2012, which denied his cross motion for a protective order pursuant to CPLR 3103 (a) precluding the defendant from compelling him to submit to an independent medical examination, and directed him to submit to an independent medical examination.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's cross motion for a protective order pursuant to CPLR 3103 (a) precluding the defendant from compelling him to submit to an independent medical examination is granted.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when the defendant's unsecured newspaper vending machine fell and struck him. In a prior decision and order dated April 3, 2012, this Court reversed an order of the Supreme Court, Nassau County, entered May 31, 2011, granted the plaintiff's motion for leave to enter judgment on the issue of liability against the defendant upon its failure to appear or answer the complaint, and denied the defendant's cross motion to compel the plaintiff to accept its late answer (*see Kolonkowski v Daily News, L.P.*, 94 AD3d 704 [2012]). Subsequently, in an order entered August 7, 2012, the Supreme Court denied the plaintiff's cross motion for a protective order pursuant to CPLR 3103 (a) precluding the defendant from compelling him to submit to an independent medical examination, and directed him to submit to the examination.

Although " 'a defaulting defendant is entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages,' a defendant forfeits the right to discovery by defaulting in answering the complaint" (*Minicozzi v Gerbino*, 301 AD2d 580, 581 [2003], quoting *Santiago v Siega*, 255 AD2d 307, 307 [1998]; *see Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Hall v Penas*, 5 AD3d 549, 550 [2004]). Contrary to the Supreme Court's determination, the defendant was not entitled to any further discovery, since its right to discovery was forfeited by its default in answering the complaint (*see Montgomery v City of New York*, 307 AD2d 957 [2003]; *Minicozzi v Gerbino*, 301 AD2d 580, 581 [2003]; *Santiago v Siega*, 255 AD2d at 307-308). Accordingly, the Supreme Court erred in denying the plaintiff's cross motion for a protective order and directing him to submit to an independent medical examination. Dillon, J.P., Angiolillo, Roman and Sgroi, JJ., concur.