Sagorica Rudra, Appellant, v Steven H. Friedman et al., Respondents. [1 NYS3d 187]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Winslow, J.), entered April 16, 2014, as, upon granting that branch of her motion pursuant to CPLR 3215 (a) which was for leave to enter a default judgment against the defendants on the issue of liability, denied that branch of her motion which was for an inquest on damages and granted the defendants' cross motion to compel acceptance of their answer to the extent of permitting them to serve a verified answer with affirmative defenses limited to the issues of serious injury and damages, to conduct discovery with respect to those issues, and to fully litigate them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for an inquest on damages is granted, the defendants' cross motion for leave to serve a verified answer with affirmative defenses limited to the issues of serious injury and damages is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff commenced this action to recover damages for injuries she allegedly sustained when the defendants' vehicle struck her vehicle in the rear. The defendants served a late answer, which the plaintiff rejected. The plaintiff contemporaneously moved for leave to enter a default judgment against the defendants on the issue of liability and for an inquest on damages. The defendants cross-moved to compel the plaintiff to accept their late answer. The Supreme Court granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants on the issue of liability, and denied that branch of her motion which sought an inquest on damages. The court also granted the defendants' cross motion to compel acceptance of their answer to the extent of permitting them to serve a verified answer with affirmative defenses limited to the issues of serious injury and damages, to conduct discovery with respect to those issues, and to fully litigate them. The plaintiff appeals from those portions of the order that were adverse to her. We reverse the order insofar as appealed from, grant that branch of the plaintiff's motion which sought an inquest on damages, and deny the defendants leave to serve a late verified answer, to assert affirmative defenses in connection

with the issues of serious injury and damages, to conduct discovery with respect to those issues, and to fully litigate them.

Having granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants on the issue of liability, the Supreme Court should have directed an inquest on damages. Since serious injury "is decidedly an issue of damages, not liability" (*Van Nostrand v Froehlich*, 44 AD3d 54, 59 [2007]), the plaintiff will be required to present prima facie proof at the inquest that she sustained a serious injury. However, while the defendants are "entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages" (*Minicozzi v Gerbino*, 301 AD2d 580, 581 [2003] [internal quotation marks omitted]; *see Singh v Friedson*, 36 AD3d 605 [2007]), they may not conduct discovery with respect to the issue of damages, since defaulting defendants forfeit the right to discovery (*see Kolonkowski v Daily News, L.P.*, 112 AD3d 677, 678 [2013]; *Singh v Friedson*, 36 AD3d at 606; *Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Santiago v Siega*, 255 AD2d 307, 307-308 [1998]).

The defendants' remaining contention is without merit. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.