■ DUANE WILLIAMSON, Appellant, v MARLOU CAB CORP., Defendant, and TALIBI CHERKAOUI, Respondent. [9 NYS3d 410]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Elliot, J.), dated August 26, 2014, which denied his motion to restore the action to the inquest calendar and for leave to serve and file a note of issue, and granted the cross motion of the defendant Talibi Cherkaoui to vacate a prior order of the same court entered September 26, 2013, granting that branch of the plaintiff's motion which was for leave to enter a default judgment on the issue of liability against him and setting the matter down for an inquest on the issue of damages, and for leave to serve a late answer.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was for leave to serve and file a note of issue, and substituting therefor a provision granting that branch of the motion, and by deleting the provision thereof granting the cross motion of the defendant Talibi Cherkaoui to vacate the order entered September 26, 2013, and for leave to serve a late answer, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

The defendant Talibi Cherkaoui (hereinafter the defendant), a non-resident driver, was served pursuant to Vehicle and Traffic Law § 253 by service of the summons and complaint on the Secretary of State and by sending notice of such service and a copy of the summons and complaint to the defendant's residential address by certified mail, return receipt requested. When the certified letter was returned as "unclaimed," the plaintiff mailed the summons and complaint to the defendant's residential address by ordinary mail (see Vehicle and Traffic Law § 253 [2]). The plaintiff filed with the clerk of the court an affidavit of compliance with the above service requirements, the envelope marked "unclaimed," an affidavit by the plaintiff's process server stating that the summons and complaint were posted again by ordinary mail, and a certificate of mailing. By order entered September 26, 2013, the Supreme Court granted that branch of the plaintiff's motion which was for leave to enter a judgment on the issue of liability against the defendant and directed the plaintiff to file a note of issue within 30 days of the order. When the plaintiff failed to file a note of issue within 30 days, the action was marked inactive, and the plaintiff's subsequent attempt to file a note of issue was rejected as untimely. Thereafter, the plaintiff moved, inter alia, for leave to serve and file a note of issue, and the defendant cross-moved to vacate the order entered September 26, 2013, upon his

default, and for leave to serve a late answer. The court denied the plaintiff's motion and granted the defendant's cross motion.

In support of that branch of his cross motion which was pursuant to CPLR 5015 (a) (1), the defendant was required to demonstrate a reasonable excuse for his default in answering the complaint and a potentially meritorious defense to the action (see *Bontempts v Aude Constr. Corp.*, 98 AD3d 1071, 1072 [2012]; *U.S. Bank N.A. v Stewart*, 97 AD3d 740 [2012]; *Baldwin v Mateogarcia*, 57 AD3d 594 [2008]). In support of his contention that he had a reasonable excuse, the defendant claimed that he was out of the country between August 5, 2012, and October 4, 2012, and when he returned to the United States there were no summons and complaint or notice of this action in the mail. The defendant's submissions, however, failed to rebut the presumption of receipt based on proof of the proper mailing of the summons and complaint by ordinary mail (see *Engel v Lichterman*, 62 NY2d 943 [1984]; *C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d 784, 786 [2010]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524 [2008]). Therefore, the defendant failed to establish a reasonable excuse for his default in answering the complaint (see *Abdelqader v Abdelqader*, 120 AD3d 1275, 1276 [2014]; *Clover M. Barrett, P.C. v Gordon*, 90 AD3d 973 [2011]; *Stevens v Charles*, 102 AD3d 763, 764 [2013]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524, 525 [2008]). The absence of a reasonable excuse renders it unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (see *U.S. Bank N.A. v Hasan*, 126 AD3d 683 [2015]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *Reich v Redley*, 96 AD3d 1038, 1039 [2012]).

In support of that branch of his motion which was pursuant to CPLR 317, the defendant was required to demonstrate that he did not personally receive notice of the summons in time to defend and a potentially meritorious defense (see CPLR 317; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725, 728 [1983]; *Stevens v Charles*, 102 AD3d at 764; *Fleisher v Kaba*, 78 AD3d 1118, 1119 [2010]; *Cohen v Michelle Tenants Corp.*, 63 AD3d 1097, 1098 [2009]). The evidence demonstrating that copies of the summons and complaint were mailed to the defendant at the correct residential address created a presumption of proper mailing and of receipt, and the defendant's mere denial of receipt was insufficient to rebut that presumption (see *Burekhovitch v Tatarchuk*, 99 AD3d 653, 654 [2012]; *Centen-*

*nial El. Indus., Inc. v Ninety-Five Madison Corp.*, 90 AD3d 689, 690 [2011]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d at 525). Accordingly, the defendant's cross motion to vacate the order entered September 26, 2013, upon his default, and for leave to serve a late answer should have been denied. Moreover, under the circumstances of this case, that branch of the plaintiff's motion which was for leave to serve and file a note of issue should have been granted (*see Rudra v Friedman*, 123 AD3d 1104, 1105 [2014]; *Kolonkowski v Daily News, L.P.*, 112 AD3d 677, 678 [2013]; *Singh v Friedson*, 36 AD3d 605, 606 [2007]; *Amato v Fast Repair, Inc.*, 15 AD3d 429, 430 [2005]; *Santiago v Siega*, 255 AD2d 307, 307-308 [1998]). Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.