# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**497**

**CA 15-00805**

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

INDUS PVR LLC, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

MAA-SHARDA, INC., DEFENDANT-APPELLANT,
ROSHAN HOSPITALITY, INC., ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

FRANK A. ALOI, ROCHESTER, AND ROBERT J. LUNN, FOR DEFENDANT-APPELLANT.

WOODS OVIATT GILMAN LLP, ROCHESTER (JOHN C. NUTTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Ontario County (Matthew A. Rosenbaum, J.), entered September 16, 2014. The judgment, among other things, adjudged that the mortgaged premises described in the complaint in this action be sold at public auction.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: These consolidated appeals arise from a foreclosure action commenced by First-Citizens Bank and Trust Co. (First-Citizens) against, inter alia, MAA-Sharda, Inc. (defendant). Plaintiff, Indus PVR LLC, was thereafter substituted as plaintiff for First-Citizens. In appeal No. 1, defendant appeals from a judgment of foreclosure. In appeal No. 2, defendant appeals from an order that granted in part its motion to set an undertaking in appeal No. 1 and, in appeal No. 3, defendant appeals from an order that denied its motion for leave to renew and reargue its opposition to plaintiff's motion for a judgment of foreclosure in appeal No. 1.

Initially, we note that defendant failed to present any argument in its brief regarding the order in appeal No. 2, and thus it has abandoned any contentions with respect to that order (*see Davis v School Dist. of City of Niagara Falls*, 4 AD3d 866, 867; *Ciesinski v Town of Aurora*, 202 AD2d 984, 984). We therefore dismiss defendant's appeal from the order in appeal No. 2. In addition, it is well settled that "no appeal lies from an order denying leave to reargue" (*Hill v Milan*, 89 AD3d 1458, 1458; *see Empire Ins. Co. v Food City*, 167 AD2d 983, 984), and thus we dismiss the appeal from the order in appeal No. 3 to the extent that defendant sought leave to reargue. We otherwise affirm the order in appeal No. 3 inasmuch as the facts presented by defendant in seeking leave to renew " 'would [not] change

the prior determination' " (*Chiappone v William Penn Life Ins. Co. of N.Y.*, 96 AD3d 1627, 1628, quoting CPLR 2221 [e] [2]).

In appeal No. 1, defendant contends that it was entitled to limited discovery on the amount due under the second of the two notes underlying the mortgages upon which foreclosure was sought.  We reject that contention.  It is well settled that "a defendant forfeits the right to discovery by defaulting in answering the complaint" (*Kolonkowski v Daily News, L.P.*, 112 AD3d 677, 678 [internal quotation marks omitted]; *see Rudra v Friedman*, 123 AD3d 1104, 1105; *Yeboah v Gaines Serv. Leasing*, 250 AD2d 453, 454), and, in this case, defendant failed to serve an answer.  In seeking discovery despite that failure, defendant relies on RPAPL 1321 (1), which states in pertinent part that, where a defendant in a foreclosure action "fails to answer within the time allowed . . . , upon motion of the plaintiff, the court . . . [may] direct a referee to compute the amount due to the plaintiff."  Based on that statute, a non-answering defendant may "apply to have [its] claim considered by the court . . . to the extent it relates to the amount due on the mortgage debt" (*Federal Natl. Mtge. Assn. v Connelly*, 84 AD2d 805, 806).

Here, notwithstanding defendant's characterization of its contention, we conclude that defendant does not seek discovery to support a challenge to the amount due under the mortgages.  To the contrary, defendant seeks discovery in order to establish a defense to the foreclosure action, and thus the court properly denied defendant's discovery request based on its default in answering the complaint (*see Rudra*, 123 AD3d at 1105; *Singh v Friedson*, 36 AD3d 605, 606, *lv dismissed* 9 NY3d 861).  Defendant contends that plaintiff may not collect on the second note because that debt was discharged when First-Citizens filed an IRS form 1099-C, and it seeks discovery to establish that First-Citizens took a tax write-off on the second note that, according to defendant, establishes that plaintiff may no longer collect on that debt (*cf. FDIC v Cashion*, 720 F3d 169, 179).  We therefore affirm the judgment in appeal No. 1.

Defendant's further contentions are academic in light of our determination.

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court