| |
|---|
| **Growbright Enters., Inc. v Barski** |
| 2024 NY Slip Op 33462(U) |
| October 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650596/2010 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY                PART          56M
                                    *Justice*

-----------------------------------------------------------------------------X

GROWBRIGHT ENTERPRISES, INC.,                   INDEX NO.        650596/2010

                    Plaintiff,

            - v -                               **DECISION AND ORDER AFTER
                                                NONJURY TRIAL AND
SAM BARSKI, SAMTASTIC INDUSTRIES, INC., and     INQUEST**
IMPULSE INDUSTRIES, LLC,

                    Defendants.

-----------------------------------------------------------------------------X

I.      INTRODUCTION

This in an action to recover damages, inter alia, for breach of contract and unjust enrichment, arising from the 2009 sale and delivery of toothpaste, body lotion, cold cream, and beauty products by the plaintiff wholesaler, Growbright Enterprises, Inc. (Growbright), to the defendants Samtastic Industries, Inc. (Samtastic), and Impulse Industries, LLC (Impulse). In an order dated July 7, 2014 (SEQ 005, 006), the court (Edmead, J.), granted the motion of the defendants Sam Barski and Impulse for summary judgment dismissing the unjust enrichment and alter ego liability causes of action insofar as asserted against them, and granted the motion of all of the defendants for summary judgment dismissing the conversion cause of action insofar as asserted against each of them. Since the unjust enrichment and the alter ego liability causes of action were the only claims asserted against Barski, he was dismissed from the action. In that same order, the court awarded summary judgment to Growbright on its unjust enrichment cause of action insofar as asserted against Samtastic and awarded summary judgment dismissing Impulse's counterclaims against Growbright seeking to recover for breach of contract and unjust enrichment. After these motions were determined, the unjust enrichment cause of

[* 1]

action against insofar as asserted against Samtastic and two breach of contract causes of action against Impulse remained viable.

On September 23, 2024, counsel for the plaintiff and Barski appeared at the call of the trial calendar before Justice Suzanne Adams, but no attorney appeared on behalf of Samtastic or Impulse, after which the court held Impulse in default, and directed an inquest on the issue of damages against it, to be held simultaneously with the nonjury trial on the issue of damages against Samtastic.

II. FINDINGS OF FACT

At the hybrid nonjury trial and inquest conducted by this court on September 30, 2024, Growbright presented the testimony of its president, Shunmugavel Jayaveerapandian, and submitted into evidence business records consisting of two invoices. Samtastic did not appear at the trial and, thus, was also in default. The court finds the following facts:

On December 15, 2009, Growbright delivered a shipment of goods jointly to Samtastic and Impulse, consisting of Vicl brand cocoa butter, aloe lotion, and rescue locking cream, as well as Ponds brand skin cream and cold cream, and invoiced Impulse on that same date for that shipment in the sum of 193,255.00. Despite due demand therefor, neither Samtastic nor Impulse paid Growbright for that shipment of goods, and did not return those goods to Growbright. On December 29, 2019, Growbright delivered a shipment of goods jointly to Samtastic and Impulse, consisting of several varieties of Crest brand toothpaste and mouthcare products, and invoiced Impulse on that same date for that shipment in the sum of $197,156.00. Despite due demand therefor, neither Samtastic nor Impulse paid Growbright for that shipment of goods, and did not return those goods to Growbright. Both invoices required payment by telegraphic transfer, although neither invoice set forth a due date for payment.

III. CONCLUSIONS OF LAW

A defaulting defendant admits all traversable allegations in the complaint, including the basic issue of liability (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878,

880 [1985]; *Cole-Hatchard v Eggers*, 132 AD3d 718, 720 [2d Dept 2015]; *Gonzalez v Wu*, 131 AD3d 1205, 1206 [2d Dept 2015]). The defaulting defendants are, however, "entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages" (*Minicozzi v Gerbino*, 301 AD2d 580, 581 [2d Dept 2003] [internal quotation marks omitted]; *see Rudra v Friedman*, 123 AD3d 1104, 1105 [2d Dept 2014]; *Toure v Harrison*, 6 AD3d 270, 272 [1st Dept 2004]). The defaulting defendants elected not to present such testimony or cross-examine witnesses at the inquest here, despite being provided with notice of the inquest.

Samtastic already had been found liable for unjust enrichment by retaining the shipments of personal care products and failing to pay for them. "The essence of unjust enrichment is that one party has received money or a benefit at the expense of another which, in good conscience, ought to be returned" (*Carriafielio-Diehl & Assocs. v D&M Elec. Contr., Inc.*, 12 AD3d 478, 479 [2d Dept 2004]). Damages for unjust enrichment "are calculated by reference to the actual value of the benefit to the defendant and not the market value of the services rendered by plaintiff." (*Precision Testing Labs., Ltd. v Kenyon Corp. of Am.*, 1988 US Dist LEXIS 2756, 1988 WL 34825, *2 [SD NY, Apr. 6, 1988]). Hence, the court concludes that Samtastic is liable in damages to Growbright in the sum of $390,411.00, representing the actual value of the benefit to Samtastic, consisting of the price of the goods that it retained but for which it did not pay.

By defaulting, Impulse has, by operation of law, admitted liability in connection with the two breach of contract causes of action asserted against it, one each for each of the two subject invoices. "[A] plaintiff alleging breach of contract is entitled to damages restoring the full benefit of the bargain" (*Kumiva Group, LLC v Garda USA, Inc.,* 146 AD3d 504, 506 [1st Dept 2017]). Hence, the court concludes that Impulse is liable in damages to Growbright in the sum of $390,411.00, representing the benefit of the bargain that Growbright lost by virtue of Impulse's breach of the contract.

650596/2010   GROWBRIGHT ENTERPRISES, INC. vs. BARSKI, MR., SAM                Page 3 of 5

3 of 5

[* 3]

The court further concludes that the liability of Samtastic and Impulse must be joint and several since they jointly took possession of the subject goods, they both derived a benefit from that possession, and neither of them paid for those goods.

An award of statutory prejudgment interest is mandatory in breach of contract actions (*see Rosenblum v Rosenblum*, 214 AD3d 440, 442 [1st Dept 2023]; CPLR 5001[a]), and warranted in unjust enrichment action (see Hynes v Iadarola, 221 AD2d 131, 135-136 [2d Dept 1996]).  Such an award is calculated from the date of breach, that is, when payment is due (*see Rosenblum v Rosenblum*, 214 AD3d at 442).  "Where a contract for the payment of money does not specify the time of payment, payment is due immediately upon completion of the work" (*Lowy & Donnath, Inc. v City of New York*, 98 AD2d 42, 44 [1st Dept 1983]) or, as relevant here, upon delivery of the subject goods.  More specifically, under UCC § 2-310(a), "[u]nless otherwise agreed . . . payment is due at the time and place at which the buyer is to receive the goods."  Consequently, Impulse and Samtastic were obligated to pay for the subject goods upon receipt of delivery thereof, and their failure to do so with respect to both the December 15, 2009 and December 29, 2009 shipments constituted respective breaches of contract on each of those dates.  As such, statutory prejudgment interest must be awarded on the amounts due from the respective dates of delivery of the subject goods.

## IV.  CONCLUSION AND AWARD

In light of the foregoing, Growbright is entitled to recover from Impulse and Samtastic, jointly and severally, the total sum of $390,411.00, with statutory interest at 9% per annum from December 15, 2009 on the first 193,255.00 of that amount, and statutory interest at 9% per annum from December 29, 2009 on the remaining $197,156.00 of that amount.

Accordingly, it is,

ORDERED that the Clerk of the court shall enter judgment in favor of the plaintiff, Growbright Enterprises, Inc., and against the defendants Samtastic Industries, Inc., and Impulse Industries, LLC, jointly and severally, in the principal sum of $390,411.00, with statutory

**650596/2010   GROWBRIGHT ENTERPRISES, INC. vs. BARSKI, MR., SAM**                **Page 4 of 5**

4 of 5

[* 4]

prejudgment interest at 9% per annum from December 15, 2009 on the first $193,255.00 of

that amount, and statutory prejudgment interest at 9% per annum from December 29, 2009

on the remaining $197,156.00 of that amount.

This constitutes the Decision and Order After Nonjury Trial and Inquest of the court.

| 10/1/2024 | | |
|---|---|---|
| **DATE** | | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650596/2010   GROWBRIGHT ENTERPRISES, INC. vs. BARSKI, MR., SAM**                    **Page 5 of 5**

5 of 5