| **Bustos v Rock** |
|---|
| 2025 NY Slip Op 30466(U) |
| February 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 805323/2019 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                    PART                    56M

*Justice*

--------------------------------------------------------------------------------X

ERNESTOS BUSTOS,
                                                                        INDEX NO.          805323/2019

                                    Plaintiff,

                    - v -

DR. ALEXANDER ROCK, DR. BUTLER REDD, III, DR.
ROBERT WINEGARDEN, ROBERT F. WINEGARDEN,            **SECOND AMENDED DECISION**
D.D.S., P.C., DR. TATYANA BERMAN, and JERRY H.          **+ ORDER AFTER INQUEST**
LYNN, D.D.S.,

                                    Defendants.

--------------------------------------------------------------------------------X

**The court's prior amended decision and order after inquest, dated August 12, 2024, is recalled and vacated, upon the court's own motion, to reflect the full name of the defendant Jerry H. Lynn, D.D.S., in the caption, the text of the decision, and the decretal paragraphs, and the following second amended decision and order after inquest is substituted therefor:**

        I.        <u>INTRODUCTION</u>

        This is an action to recover damages for dental malpractice.  The plaintiff alleged that the defendants willfully and wantonly permitted unlicensed dentists and unlicensed assistants and technicians to diagnose and treat him.  The plaintiff contended that, inter alia, the defendants negligently performed diagnostic procedures to determine the extent and nature of his dental problems, negligently prepared teeth for crowns and placed implants, failed to inform him of the risk and consequences of the prescribed treatment, and thereafter negligently abandoned him.  In an order dated September 8, 2021, the court, upon concluding that the plaintiff set forth sufficient proof of the facts underlying his cause of action to recover for negligence and lack of informed consent, granted the plaintiff's motion for leave to enter a default judgment against the defendants Dr. Alexander Rock, Dr. Robert Winegarden, Robert F. Winegarden, D.D.S., P.C., and Jerry H. Lynn, D.D.S. (collectively the defaulting defendants), on the issue of liability, and set the matter down for an inquest on the issue of damages, to be

[* 1]

conducted simultaneously with the trial against the answering defendant, Tatyana Berman, D.D.S. The plaintiff apparently did not serve process upon the defendant Dr. Butler Redd, III.

On January 6, 2022, the plaintiff filed a non-jury note of issue. On May 8, 2023, the court issued a trial-scheduling order, which fixed July 31, 2023 as the date for both the nonjury trial against Berman and the inquest against the defaulting defendants. None of the defaulting defendants appeared on that date. The court proceeded to hold an inquest on the issue of damages on that date. The plaintiff, however, discontinued the action against Berman. The court awards compensatory damages against the defaulting defendants, jointly and severally, in the sum of $163,000, and awards punitive damages against the defaulting defendants, jointly and severally, in the sum of $60,000.

II.     FINDINGS OF FACT

The facts underlying the issue of liability for dental malpractice are set forth in this court's September 8, 2021 order.

At the July 31, 2023 inquest on the issue of damages, the plaintiff testified on his own behalf and adduced the testimony of Herbert Rubin, D.D.S., a dentist who had practiced dentistry for more than 50 years in New York State. The court finds that the credible testimony of both the plaintiff and his expert dentist established the following facts:

The plaintiff went to see the defaulting defendants and Berman in need of a full reconstruction of his upper set of teeth, and four of his bottom teeth. The plaintiff and the defaulting defendants agreed on a price of $15,000 for the necessary dental work, consisting of implants and a prothesis for both the upper and lower arch, and the plaintiff paid the agreed upon price in full. The defaulting defendants did not complete the necessary dental work and, in fact, when he returned to the defaulting defendants' office, it was closed. The plaintiff thereafter was contacted by the dental office's technician, who was working out of his home and attempting to help abandoned patients. The plaintiff had to see another dentist, to whom he paid an additional $3,000 to have five of the six implants removed, and pulled out the last

805323/2019   BUSTOS, ERNESTOS vs. ROCK, DR.., ALEXANDER                    Page 2 of 6

2 of 6

implant on his own.  As a consequence, the plaintiff has trouble chewing and eating well, he is depressed, he gets infections in his mouth constantly, and has holes in his mouth.

The plaintiff currently needs at least six implants in his upper mouth, and removal and replacement of the implants in his lower mouth.  To install the implants and restore his mouth will take approximately two to three months, and to get the upper implants to integrate could take anywhere between three to six months.  The removal of implants is traumatic, at best, and the plaintiff will be in quite a bit of pain.  While the plaintiff will not face immediate problems now, it is not guaranteed that the implants will take, and some might fail, requiring the plaintiff to go through the healing process, bone rebuilding, grafting, and finally reinstalling the implants.

The fair and reasonable cost of fixing the plaintiff's upper teeth is $50,000, while the cost of fixing his lower teeth is $25,000.

III.    CONCLUSIONS OF LAW

A defaulting defendant admits all traversable allegations in the complaint, including the basic issue of liability (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]; *Cole-Hatchard v Eggers*, 132 AD3d 718, 720 [2d Dept 2015]; *Gonzalez v Wu*, 131 AD3d 1205, 1206 [2d Dept 2015]).  The defaulting defendants are, however, "entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages" (*Minicozzi v Gerbino*, 301 AD2d 580, 581 [2d Dept 2003] [internal quotation marks omitted]; *see Rudra v Friedman*, 123 AD3d 1104, 1105 [2d Dept 2014]; *Toure v Harrison*, 6 AD3d 270, 272 [1st Dept 2004]).  The defaulting defendants elected not to present such testimony or cross-examine witnesses at the inquest here, despite being provided with notice of the inquest.

This court already has determined that the plaintiff has a cause of action to recover for medical malpractice, inasmuch as a deviation or departure from accepted practice, and evidence that such departure was a proximate case of the plaintiff's injury, constitute dental malpractice (*see Roques v Noble*, 73 AD3d 204, 206 [1st Dept 2010]; *Frye v Montefiore Med.*

805323/2019   BUSTOS, ERNESTOS vs. ROCK, DR.., ALEXANDER                    Page 3 of 6

3 of 6

[* 3]

*Ctr.*, 70 AD3d 15, 24 [1st Dept 2009]; *Elias v Bash*, 54 AD3d 354, 357 [2d Dept 2008]; *DeFilippo v New York Downtown Hosp.*, 10 AD3d 521, 522 [1st Dept 2004]).

"The 'reasonableness' of compensation must be measured against relevant precedent of comparable cases" (*Kayes v Liberati*, 104 AD3d 739, 741 [2d Dept 2013]; *see Urbina v 26 Ct. St. Assoc., LLC*, 46 AD3d 268, 275 [1st Dept 2007]; *Reed v City of New York*, 304 AD2d 1, 7 [1st Dept 2003]; *Halsey v New York City Tr. Auth.*, 114 AD3d 726, 727 [2d Dept 2014]). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (*Miller v Weisel*, 15 AD3d 458, 459 [2d Dept 2005]; *see Garcia v CPS 1 Realty, L.P.,* 164 AD3d at 659 [2d Dept 2018]; *Vainer v DiSalvo*, 107 AD3d 697, 698-699 [2d Dept 2013]; *Reed v City of New York*, 304 AD2d at 7). What constitutes "reasonable compensation" must be assessed with due regard to the "circumstances presented" (*Luna v New York City Tr. Auth.*, 116 AD3d 438, 438 [1st Dept 2014]).

The court concludes that the plaintiff is entitled to an award of $70,000 for past pain and suffering (*see Altman-Fider v Gershon*, 2002 NY Slip Op 30122[U], *5, 2002 NY Misc LEXIS 2029 [Sup Ct, N.Y. County, Feb. 19, 2002] [action from more than 20 years ago, holding that an award of $40,000 for past pain and suffering was consistent with several other tooth injury cases]; *see also Classen v Ashkinazy*, 258 AD2d 863, 865 [3d Dept 1999][affirming past pain and suffering award of $40,000 to plaintiff with failed lower dental implant]; *Teller v Anzano*, 263 AD2d 647, 650 [3d Dept 1999] [modifying judgment to allow $35,000 past pain and suffering award in personal injury action involving damage to two front teeth]; *Kushner v Mollin*, 181 AD2d 866, 867 [2d Dept 1992] [affirming award of $40,000 for past pain and suffering where plaintiff lost six upper teeth]). The court notes that these representative cases were decided between 20 and 30 years ago, so that a reasonable award in 2024 would take inflation and other economic factors into account.

805323/2019   BUSTOS, ERNESTOS vs. ROCK, DR.., ALEXANDER                    Page 4 of 6

4 of 6

The court also concludes that the plaintiff is entitled to an award of $18,000 for his past expenses, and $75,000 for his future expenses, in accordance with the testimony adduced by the plaintiff and his expert, Dr. Rubin.

New York does not recognize an independent cause of action for punitive damages; however, a demand or request for punitive damages is viable when attached to a substantive cause of action (*see Randi A. J. v Long Is. Surgi-Center*, 46 AD3d 74, 80 [2d Dept 2007]). While a demand for punitive damages is often raised in terms of conduct that is intentional, malicious, and done in bad faith, conduct warranting an award of punitive damages "need not be intentionally harmful but may consist of actions which constitute willful or wanton negligence or recklessness" (*id*. at 80-81; *see Home Ins. Co. v Am. Home Prods. Corp.*, 75 NY2d 196, 204 [1990]). Moreover, punitive damages are proper where there is sufficient evidence of reprehensible conduct evincing a gross indifference to patient care (*see Brown v LaFontaine-Rish Med. Assoc.*, 33 AD3d 470, 471 [1st Dept 2006]; *Graham v Columbia Presbyt. Med. Ctr.*, 185 AD2d 753, 754 [1st Dept 1992]).

The court concludes that the defaulting defendants' behavior and the practices that they engaged in, including the abandonment of the plaintiff as their patient, and, in Lynn's case, practicing dentistry after surrendering his license, are sufficient to warrant an award of punitive damages. Such an award is appropriate to deter future reprehensible conduct by the defaulting defendants and others similarly situated (*see Garber v Lynn*, 79 AD3d 401, 403 [1st Dept 2010]; *Randi A. J. v Long Is. Surgi-Center*, 46 AD3d 74, 81 [2d Dept 2007]). As such, the court concludes that the plaintiff is entitled to an award of punitive damages in the amount of $60,000, payable by the defaulting defendants, jointly and severally.

IV. CONCLUSION

In light of the foregoing, it is,

ORDERED that the Clerk of the court shall enter judgment in favor of the plaintiff, Ernestos Bustos, 93-23 49th Avenue, Apartment 3, Elmhurst, New York, 11373 and against:

805323/2019   BUSTOS, ERNESTOS vs. ROCK, DR.., ALEXANDER                    Page 5 of 6

(a) the defendants Dr. Alexander Rock, 5 Commack Road, Commack, New York 11725, Dr. Robert Winegarden, 401 East 34th Street, New York, New York 10016, Robert F. Winegarden, D.D.S., P.C, 57 West 57th Street, Suite 610, New York, New York 10019, and Jerry H. Lynn, D.D.S., 41 West 58th Street, New York, New York, 10019, jointly and severally, in the sum of $163,000 as and for compensatory damages, with statutory interest at 9% per annum from September 8, 2021, as against Dr. Alexander Rock, Dr. Robert Winegarden, Robert F. Winegarden, D.D.S., P.C, and Jerry H. Lynn, D.D.S., and,

(b) the defendants Dr. Alexander Rock, Dr. Robert Winegarden, Robert F. Winegarden, D.D.S., P.C, and Jerry H. Lynn, D.D.S., jointly and severally, in the additional sum of $60,000 as and for punitive damages, with statutory interest at 9% per annum from September 8, 2021.

This constitutes the Second Amended Decision and Order After Inquest of the court.

_____
**2/5/2025**
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

CHECK ONE:       [X] CASE DISPOSED          [ ] NON-FINAL DISPOSITION
                 [ ] GRANTED      [ ] DENIED      [ ] GRANTED IN PART      [X] OTHER
APPLICATION:     [ ] SETTLE ORDER            [ ] SUBMIT ORDER
CHECK IF APPROPRIATE:   [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE