Newrez LLC v Jebco OGM Resources (2025 NY Slip Op 01488)

Newrez LLC v Jebco OGM Resources

2025 NY Slip Op 01488

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

135 CA 23-02112

[*1]NEWREZ LLC, DOING BUSINESS AS SHELLPOINT MORTGAGE SERVICING, PLAINTIFF-RESPONDENT,
v
JEBCO OGM RESOURCES, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

ARTHUR N. BAILEY & ASSOCIATES, JAMESTOWN, RUPP PFALZGRAF LLC, BUFFALO (KYLE C. DIDONE OF COUNSEL), FOR DEFENDANT-APPELLANT.
AKERMAN LLP, NEW YORK CITY (ALIZA B. MALOUF OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered June 26, 2023. The order, inter alia, granted the motion of plaintiff's predecessor-in-interest seeking, inter alia, a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this mortgage foreclosure action, JEBCO OGM Resources (defendant) appeals from an order that granted the motion of plaintiff's predecessor-in-interest seeking, inter alia, a default judgment and the appointment of a referee to compute. Defendant opposed the motion on several grounds but did not deny that it had failed to serve an answer, did not offer an excuse for failing to serve an answer, and did not request leave to serve a late answer. We affirm.
Where a plaintiff moving for a default judgment and order of reference in a foreclosure action has met its initial burden of showing that "a defendant is in default because he or she 'failed to appear' within the meaning of CPLR 3215 (a)" (Aurora Loan Servs., LLC v Jemal, 205 AD3d 661, 663 [2d Dept 2022]), the defendant is precluded from raising "nonjurisdictional argument[s]" in opposition (Bank of N.Y. Mellon Trust Co., N.A. v Lagasse, 224 AD3d 800, 801 [2d Dept 2024]) until it first "show[s] either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944 [2d Dept 2017], lv denied 29 NY3d 1073 [2017]; see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 602 [2d Dept 2023]).
Here, in response to the motion papers establishing that defendant did not serve an answer and was therefore in default, defendant failed to establish either that it was not in default or that it had a reasonable excuse for its delay in serving an answer. Thus, the nonjurisdictional arguments raised by defendant in opposition to the motion—standing (see Aurora Loan Servs., LLC, 205 AD3d at 663), statute of limitations (see Mendez v Steen Trucking, 254 AD2d 715, 716 [4th Dept 1998]), collateral estoppel (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011 [2d Dept 2020]), the need for additional discovery and the existence of issues of fact (see Indus PVR LLC v MAA-Sharda, Inc., 140 AD3d 1666, 1667 [4th Dept 2016], lv dismissed in part & denied in part 28 NY3d 1059 [2016]), and the application of FAPA (see generally FLA Mtge. Capital I, LLC v Unknown Heirs at Law of Estate of Paul, 233 AD3d 1452, 1453 [4th Dept 2024])—were not before Supreme Court, and the motion was properly granted.
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court