■ HAROLD COLPITTS et al., Respondents, v CASCADE VALLEY LAND CORPORATION, Appellant, et al., Defendants.—Mikoll, J. Appeals (1) from an order of the Supreme Court (Smyk, J.), entered December 19, 1986 in Broome County, which, *inter alia,* denied a cross motion by defendant Cascade Valley Land Corporation for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered November 20, 1987 in Broome County, which, *inter alia,* denied said defendant's motion to dismiss the complaint for failure to join a necessary party and granted plaintiffs' cross motion for summary judgment.

The issue here is whether plaintiffs established an easement by prescription to allow them to use a road, which was formerly a public highway, for access to their property. Griffin Hill Road crosses land owned by defendants Cascade Valley Land Corporation (hereinafter Cascade), Frank L. Spalik and Julia L. Spalik in the Town of Windsor, Broome County. An unnamed spur thereof runs in a southerly direction from an intersection located on Cascade's land through land owned by defendant Matthew J. Higgins, III, and terminates on plaintiffs' land. Portions of Griffin Hill Road which pass through Cascade's and the Spaliks' properties were qualifiedly abandoned by defendant Town of Windsor in 1909 and totally

abandoned in 1980 pursuant to Highway Law § 205. Plaintiffs must use Griffin Hill Road and the unnamed spur for ingress and egress to their property.

Plaintiffs sought declaration of a prescriptive easement over the lands of Cascade, Higgins and the Spaliks. Cascade moved to dismiss the complaint and sought summary judgment. Supreme Court denied the motion, indicating that plaintiffs had raised a triable issue of fact. Thereafter, Cascade moved to dismiss the complaint for nonjoinder of necessary parties, i.e., other landowners whose lands are also traversed by Griffin Hill Road. Plaintiffs cross-moved for summary judgment based essentially on the same papers submitted in opposition to Cascade's earlier motion for summary judgment. A new affidavit by plaintiff Virginia Colpitts contained the same statements as her earlier affidavit opposing Cascade's motion for summary judgment. Supreme Court denied Cascade's motion for failure to join necessary parties and granted summary judgment to plaintiffs.

Supreme Court found that plaintiffs produced evidence establishing that their use of the road was open, notorious and continuous for more than the prescriptive period. The affidavits of plaintiffs indicated use of the road for over 25 years. They alleged that the road is visible on Cascade's land, that it is marked on the county tax map and that plaintiffs made improvements on the road while the land was owned by Cascade. In response, Cascade, through its counsel's affidavit, opposed the grant of summary judgment on the ground of the prior denial of its summary judgment motion and averred generally that plaintiffs' allegations were vigorously contradicted by defendants.

There should be an affirmance. The denial of summary judgment to Cascade does not preclude the grant of summary judgment to plaintiffs. The doctrine of "law of the case" is not implicated herein. It generally operates to preclude successive motions by the same party upon the same proof *(see, Prosser v Gouveia,* 98 AD2d 992). The failure of Supreme Court to grant summary judgment to plaintiffs on the first motion, as it was empowered to do pursuant to CPLR 3212 (b), does not foreclose granting plaintiffs summary judgment on their subsequent motion. Plaintiffs have established the existence of a prescriptive easement by proof of open, notorious and continuous use of the road for 25 years. Such a showing gives rise to a presumption that the use was hostile and shifts the burden to the owner of the servient land to show that the use was by permission *(Pirman v Confer,* 273 NY 357; *Miller v Bettucci,*

89 AD2d 706). Cascade's failure to offer any evidentiary proof in contravention to plaintiffs' proof entitles plaintiffs to summary judgment.

Cascade's contention that summary judgment is inappropriate in that necessary parties over whose land Griffin Hill Road passes have not been joined is without merit. In a prescriptive easement action, only those persons who are interested in the subject matter of the action and whose interests are opposed to those of the plaintiff are necessary parties (Cannon v Sikora, 142 AD2d 662). An adjoining landowner who has not interfered with or challenged the use of the easement is not a necessary party (supra; see, Blenis v Utica Knitting Co., 73 Misc 61, affd without opn 149 App Div 936, affd without opn 210 NY 561). The other landowners over whose land Griffin Hill Road passes are not involved in the present controversy since plaintiffs are not seeking any prescription of use of their lands. Plaintiffs' action was properly brought against Cascade who has interfered with plaintiffs' use and the other landowners whose land plaintiffs must use to reach the public highway from their land.

Orders affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.