Order, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered July 13, 2011, which granted the motion of defendants Ebrahim Gohari and Dorit Gohari (Goharis) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff previously moved for summary judgment on the issue of liability in this action for personal injuries arising out of a motor vehicle accident. By order dated July 10, 2009, plaintiffs motion was granted and the court found that since plaintiff was a passenger, she was immune from liability. The court reserved for trial the issue of whether “one or another” of the defendant drivers or “possibly both” were jointly and severally liable. Since the Goharis are not seeking to renew that motion and its determination, they did not need to provide a reasonable justification for the failure to present the “new facts” *692 in the original opposition to plaintiffs motion (compare Cabrera v Gilpin, 72 AD3d 552, 553 [2010]).
Contrary to plaintiffs contention, the doctrine of law of the case, which “generally operates to preclude successive motions by the same party upon the same proof,” does not apply (Colpitts v Cascade Val. Land Corp., 145 AD2d 750, 751 [1988]). Moreover, since the 2009 order did not decide the issue of apportionment of liability as between codefendants, leaving such issue for discovery and trial, the motion court was likewise not so bound (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; Grullon v City of New York, 297 AD2d 261, 265-266 [2002]).
The record demonstrates that the Goharis’ motion for summary judgment was properly granted. The Goharis submitted Dorit Gohari’s affidavit, wherein she stated that while proceeding through an intersection after lawfully stopping, her vehicle, in which plaintiff was a passenger, was struck by codefendants’ vehicle, which did not fully stop before entering the intersection (see e.g. McNamara v Fishkowitz, 18 AD3d 721 [2005]). Neither plaintiff nor codefendants disputed Dorit’s version of the accident and failed to raise a triable issue of fact. Concur — Mazzarelli, J.P., Catterson, Moskowitz, Manzanet-Daniels and Román, JJ.