Cohen v Cohen (2022 NY Slip Op 05498)

Cohen v Cohen

2022 NY Slip Op 05498

Decided on October 04, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 04, 2022

Before: Gische, J.P., Friedman, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 303928/19 Appeal No. 16330 Case No. 2022-01496 

[*1]Yosi Cohen, Plaintiff-Appellant,
v
Adi Cohen, Defendant-Respondent.

The Law Firm of Laurence P. Greenberg, New York (Laurence P. Greenberg of counsel), for appellant.
Garr Silpe, P.C., New York (Ira E. Garr of counsel), for respondent.

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about March 23, 2022, which, inter alia, granted defendant wife's motion for a second interim award of counsel fees in the amount of $600,000, unanimously affirmed, without costs.
We find that, under the facts and circumstances presented here, the court providently exercised its discretion in awarding defendant a second interim award of counsel fees and that the amount awarded was supported by the evidence presented (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]). The factors considered include the scope and complexity of the financial issues presented, the parties' assets and liabilities, as sworn to in their respective statements of net worth, and the prior determination that plaintiff husband, who controls much of the parties' real estate holdings and interest in a cosmetics business, is the monied spouse as contemplated by Domestic Relations Law § 237(a) (see Trafelet v Trafelet, 162 AD3d 518 [1st Dept 2018]). Contrary to plaintiff's assertion, the discretionary law of the case doctrine does not bar defendant's second attorney's fees application, which is expressly permitted by section 237(a) of the Domestic Relations Law and is based on new evidence and circumstances (see generally People v Evans, 94 NY2d 499, 503 [2000]; Ruiz v Anderson, 96 AD3d 691, 692 [1st Dept 2012]).
We have reviewed plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 4, 2022