Lee v Leifer (2022 NY Slip Op 05793)

Lee v Leifer

2022 NY Slip Op 05793

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 159786/20 Appeal No. 16471 Case No. 2021-03930 

[*1]Andy Lee, Plaintiff-Respondent,
v
Max D. Leifer et al., Defendants-Appellants.

Traub Lieberman Straus Shrewsberry LLP, Hawthorne (Lisa L. Shrewsberry of counsel), for appellants.
Felicello Law P.C., New York (Michael James Maloney of counsel), for respondent.

Order, Supreme Court, New York County (Shawn T. Kelly, J.), entered October 28, 2021, which denied defendants' motion to dismiss plaintiff's legal malpractice complaint, unanimously affirmed, without costs.
The Leifer defendants (Leifer) represented Lee in a lawsuit against him, which arose out of Lee's ownership of a restaurant. Lee alleges that Leifer erroneously informed him that the damages sought were limited to an agreed-upon purchase price, although the plaintiff in that case actually sought significantly more in punitive damages. Lee further alleges that, on Leifer's advice, he did not file an answer. The court found that Lee had failed to assert a meritorious defense to the punitive damages claim and entered a default judgment for the plaintiff. At an inquest, the court awarded punitive damages of $700,000, as well as compensatory damages, interest, and attorneys' fees. Lee has appealed to the Second Department. Lee sued for legal malpractice. The motion court denied Leifer's motion to dismiss.
Lee's legal malpractice complaint adequately alleges that Leifer's failure to advise him of the punitive damages claim asserted against him in the underlying action and failure to file a responsive pleading, "proximately caused plaintiff to sustain actual and ascertainable damages," i.e., that he would not have incurred the punitive damages award but for Leifer's negligence (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007]). Lee claims that he would have avoided the punitive damages award by asserting a meritorious defense in his responsive pleading. However, Lee's default required the court to accept as true all allegations against him as to liability (see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880 [1985]). While Lee had the opportunity to contest the punitive damages claim at the subsequent damages inquest, he was not permitted to introduce evidence to counter the underlying cause of action (Suburban Graphics Supply Corp. v Nagle, 5 AD3d 663, 665 [2d Dept 2004]).
Although the inquest court rejected the substance of Lee's purportedly meritorious defense, it did so on a limited record. "[W]hile [defaulting] defendants are entitled to present testimony and evidence and cross-examine the plaintiff's witnesses at the inquest on damages, they may not conduct discovery" (Rudra v Friedman, 123 AD3d 1104, 1005 [2d Dept 2014] [internal quotation marks omitted]). Because Lee, having defaulted, forfeited the right to discovery, he was deprived of the opportunity to amass a record on which the inquest court might have credited his defense to the punitive damages claim.
We have considered Leifer's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022