Moises-Ortiz v FDB Acquisitions LLC (2023 NY Slip Op 06092)

Moises-Ortiz v FDB Acquisitions LLC

2023 NY Slip Op 06092

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Oing, J.P., Gesmer, Mendez, Shulman, Rodriguez, JJ. 

Index No. 152869/17 Appeal No. 1094-1095 Case No. 2022-03450, 2022-05624 

[*1]Jose Moises-Ortiz, et al., Plaintiffs,
v
FDB Acquisitions LLC, et al., Defendants-Appellants, Saab Management, Inc., Defendant. (And a Third-Party Action.)
FDB Acquisitions, LLC, et al. Second Third-Party Plaintiffs-Appellants,
v
RA Consultants, LLC, Second Third-Party Defendant-Respondent.
RNC Industries, LLC, Third Third-Party Plaintiff-Appellant,
v
RA Consultants, LLC, Third Third-Party Defendant-Respondent.
FDB Acquisitions LLC, et al., Fourth Third-Party Plaintiff-Appellants,
v
RA Consultants, LLC, Fourth Third-Party Defendant- Respondent.

MG+M The Law Firm, New York (Christin H. Gannon of counsel), for FDB Acquisition, LLC and PAV-LAK Contracting, Inc., appellants.
Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for RNC Industries, LLC, appellant.
Donovan Hatem LLP, New York (Stephen F. Willig of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about July 28, 2022, which granted third third-party defendant RA Consultants, LLC's (architect) motion to dismiss the third third-party complaint seeking common-law indemnification and contribution as precluded by a prior ruling on the same issue, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings.
Order, same court and Justice, entered September 29, 2022, which granted fourth third-party defendant RA Consultants, LLC's motion to dismiss the fourth third-party complaint upon finding the claims for common-law indemnification and contribution to be precluded by an order, same court and Justice, dated November 2, 2020, and the newly asserted causes of action for malpractice and breach of contract to be time-barred, unanimously modified, on the law, to deny dismissal as to the common-law indemnity and contribution claims and otherwise affirmed, without costs.
The motion court improvidently dismissed the common-law indemnity and contribution claims in the third third-party action and fourth third-party action as precluded by the same court's prior order granting dismissal of such claims against the architect for failure to state such causes of action. Contrary to the architect's argument, the doctrine of collateral estoppel does not apply as the causes of action were dismissed prior to the close of the proponent's evidence on such claims, and as such, the merits of the claims were not reached (see CPLR 5013; Maitland v Trojan Elec. & Mach. Co., 65 NY2d 614, 615 [1985]; Clearwater Realty Co. v Hernandez, 256 AD2d 100, 101 [1st Dept 1998]). The doctrine of law of the case, which bars reconsideration of an issue that has been previously decided between the parties does not apply as to the third third-party plaintiff excavation subcontractor (RNC), as the architect's motion to dismiss the second third-party claims of the owner (FDB) and general contractor (Pav-Lak) did not involve RNC as a party affected by such relief, nor did it involve the same proof as RNC proffers in support of its allegations in the third third-party action (see generally Ruiz v Anderson, 96 AD3d 691, 692 [1st Dept 2012]; Colpitts v Cascade Val. Land Corp., 145 AD2d 750, 751 [3d Dept 1988]). The law of the case doctrine also does not bar the claims asserted by FDB/Pav-Lak in the fourth third-party action since even though they were parties involved in the second third-party complaint, an additional expert's affidavit probative of the claims asserted was submitted which supplemented the allegations in the fourth third-party action.
On the separate motions to dismiss the third third-party claims and fourth third-party claims seeking common-law indemnification and contribution, pursuant to CPLR 3211(a)(1) and (7), a court "must give the pleadings a liberal construction, accept the allegations as true and accord the plaintiffs every possible favorable [*2]inference" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 52 [2016]). A court may consider affidavits submitted by a party opposing a motion to dismiss pursuant to CPLR 3211 to remedy any defects in a complaint (see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]). The allegations in the third third-party complaint and fourth third-party complaint seeking common-law indemnification and contribution, as supplemented in this case by expert affidavits that supported the claims raised, supporting inferences of active negligence on the part of the architect in, inter alia, designing the underpinning of the adjacent building, failing to properly inspect and monitor the underpinning's performance, and failing to make appropriate changes to the underpinning constructed by RNC as the circumstances warranted, all of which allegedly contributed to the falling of a cement object from a neighboring building which struck plaintiff, injuring him (see Shelton v Chelsea, L.P., 214 AD3d 490 [1st Dept 2023]; Demetro v Dormitory Auth. of the State of N.Y., 170 AD3d 437 [1st Dept 2019]). There can be more than one proximate cause of an injury (Kull v Ahern Rentals, Inc., 219 AD3d 1224 [1st Dept 2023]).
FDB's newly asserted claim alleging RA's malpractice and breach of contract was properly dismissed as time-barred by the applicable three-year statute of limitations (see CPLR 214[6]). The fourth third-party action was commenced in March 2022 and
the damages sought herein for personal injury accrued on February 27, 2017, the date of the accident (see Ackerman v Price Waterhouse, 84 NY2d 535, 541 [1994]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023