**Rohan 573 W 161 St LLC v Feldman**

2025 NY Slip Op 30743(U)

March 3, 2025

Supreme Court, New York County

Docket Number: Index No. 653381/2020

Judge: Emily Morales-Minerva

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. EMILY MORALES-MINERVA          PART          42M

*Justice*

------------------------------------------------------------------X

ROHAN 573 W 161 ST LLC,

|  |  |
|---|---|
| INDEX NO. | 653381/2020 |
| MOTION DATE | 09/17/2024 |
| MOTION SEQ. NO. | 004 |

Plaintiff,

- v -

YAN FELDMAN, IGOR SPIVAKOV, FAMILY HEALTH
MANAGEMENT LLC, HISPANIC MEDICAL HEALTH, P.C.,
577W 161 STREET CORPORATION

**DECISION + ORDER ON
MOTION**

Defendants.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 120, 121, 123, 124
were read on this motion to/for                    DISCOVERY                    .

APPEARANCES:

Graff Dispute Resolution, New York, NY (Michael Peter Graff,
Esq., of counsel), for plaintiff.

The Esses Law Group, LLC, New York, NY (Leo L. Esses, Esq.,
of counsel), for defendants.

EMILY MORALES-MINERVA, J.S.C.

In this commercial landlord-tenant action, defendants 577

W. 161 STREET CORPORATION (tenant), YAN FELDMAN, IGOR SPIVAKOV,

FAMILY HEALTH MANAGEMENT LLC, and HISPANIC MEDICAL HEALTH, P.C.

(guarantors), move, by notice of motion (sequence number 004),

for an order (a) reopening discovery and vacating note of issue;

and an order (b) granting them the opportunity to seek discovery

related to the new issues raised in the amended complaint of

plaintiff ROHAN 573 W 161 ST LLC (owner)(see NYSCEF Doc. No.

[* 1]

120, Notice of Motion). Litigants generally seek such relief, pursuant to the Uniform Civil Rules for the Supreme Court and the County Court (22 NYCRR §) 202.21 (d) and (e).[1] However, defendants fail to cite any authority or standard for their application.

Owner appears on the motion and submits opposition.

As explained below, the Court denies the motion (seq. no. 004) entirely.

## BACKGROUND

Plaintiff ROHAN 573 W 161 ST LLC, owner of commercial property located at 573 West 161 Street in New York City, leased a medical office within the subject property to defendant tenant 577 W 161 STREET CORPORATION (tenant) pursuant to a lease agreement, dated December 10, 2019 (New York State Court Electronic Filing System [NYSCEF] Doc. No. 29, Lease Agreement).

---

[1] Section 202.21, governing notice of issue and certificate of readiness, provides, in applicable part:
"(d) Pretrial proceedings. . . . Where unusual or unanticipated circumstances develop subsequent to the filling of note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings;"
"(e) Vacating note of issue. Within 20 days after service of the note of issue and certificate of readiness, any party to an action . . . may move to vacate the note of issue, upon affidavit showing in what respects the case is not ready for trial, and the court may vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect."

653381/2020   ROHAN 573 W 161 ST LLC vs. FELDMAN, YAN
Motion No.  004

Page 2 of 8

[* 2]

INDEX NO. 653381/2020
RECEIVED NYSCEF: 03/05/2025

Defendant YAN FELDMAN and IGOR SPIVAKOV executed a guaranty of the lease, and defendant FAMILY HEALTH MANAGEMENT LLC and HISPANIC MEDICAL HEALTH, P.C., executed a separate guaranty of lease. Both guaranties are incorporated into the agreement (see id.).

Thereafter, owner sent a notice of default to defendants, indicating that tenant was delinquent in its rent obligation for January 2020. In the notice, owner demanded payment of the "entire unpaid sum of $136,960.65," less installments already paid, with interest thereon (NYSCEF Doc. No. 004, Notice of Default, dated January 20, 2020). Neither tenant nor guarantors made such payment.

Thereafter, on July 27, 2020, commercial-property owner commenced this action, asserting (1) breach of the lease against tenant; and (2) breach of the guaranties against defendant guarantors (see NYSCEF Doc. No. 002, Complaint). Defendants answered jointly, on August 17, 2020, and the parties engaged in discovery.

Then, on August 31, 2022, owner filed Note of Issue in this action. Owner then filed motion (seq. no. 001), pursuant to CPLR 3212, for an order of summary judgment on its two causes of action. Owner also filed a separate motion (seq. no. 002), pursuant to CPLR 3025 (b), seeking leave to amend its complaint to add a third cause of action to pierce the corporate veil of

653381/2020  ROHAN 573 W 161 ST LLC vs. FELDMAN, YAN
Motion No. 004

Page 3 of 8

tenant, and to hold guarantors liable for tenant's breach of the lease agreement.

Defendants opposed the motion for an order of summary judgment, and cross-moved for leave to file an amended answer. Defendants also opposed owner's motion to amend its complaint, arguing that the motion was untimely and that the "proposed amendment makes no sense" (NYSCEF Doc. No. 84, Defendants' Affirmation in Opposition).

Following submission of these motions, the court (N. Bannon, J.S.C.) issued a combined decision and order, (1) marking owner's motion (seq. no. 001) for an order of summary judgment withdrawn, (2) granting defendants' cross-motion for leave to file an amended answer within 30 days of January 11, 2024, and (3) granting owner's motion (seq. no. 002) for leave to file an amended complaint (see NYSCEF Doc. No. 96, Decision and Order, dated January 11, 2024).

Regarding the motion to amend the complaint, the court (N. Bannon, J.S.C.) held that owner sufficiently pled the third cause of action to pierce the corporate veil. The court also held that

> "allowing this amendment would not require additional discovery as the additional allegations arose from discovery already conducted and concluded. Indeed, this discovery was in the sole possession of defendants [tenant and guarantors] at all times prior and they were at times

653381/2020  ROHAN 573 W 161 ST LLC vs. FELDMAN, YAN
Motion No. 004

Page 4 of 8

[* 4]

recalcitrant in providing it to plaintiff. For that reason, defendants [tenant and guarantors] fail <u>to show that prejudice or surprise</u> would result from the proposed amendment. Defendants [tenants and guarantors] may respond to the additional cause of action in an amended answer"

(<u>Id.</u> [emphasis added]). Finally, the court (N. Bannon, J.S.C) directed that the amended complaint be deemed served on defendants and that defendants file an amended answer by February 10, 2024 (<u>id.</u>).

However, defendants failed to file an amended answer within the court-prescribed time. Instead, they filed a motion to dismiss (seq. no. 003) owner's cause of action for piercing the corporate veil (<u>see</u> NYSCEF Doc. No. 101, Motion to Dismiss). The undersigned denied said motion, reasoning that defendants could not relitigate "the substantive determination [of the court (N. Banon, J.S.C.)] regarding the sufficiency of the allegations" (NYSCEF Doc. No. 110, Decision and Order, dated August 19, 2024).

Weeks following the undersigned's decision -- and <u>seven months beyond the court-prescribed (N. Bannon, J.S.C.) deadline for filing an amended answer</u> -- defendants filed an amended answer without leave of court (<u>see</u> NYSCEF Doc. No. 112, Answer to Amended Complaint). Simultaneously and again -- without leave of court -- defendants served on owner five discovery demands post note of issue (<u>see</u> NYSCEF Doc. Nos. 113 - 118,

653381/2020   ROHAN 573 W 161 ST LLC vs. FELDMAN, YAN
Motion No. 004

Page 5 of 8

Discovery Demands).

Owner objected to the discovery demands, reasoning that the material demanded is already in defendants' possession, and that the court (N. Bannon, J.S.C.) -- in granting owner leave to file an amended complaint post note of issue -- found that additional discovery was not required (see NYSCEF Doc. No. 119, Objection to Discovery).

Now, defendants move (seq. no. 004) to vacate note of issue and re-open discovery, alleging generally that a denial of discovery would result in substantial prejudice to their defense against piercing the corporate veil (see NYSCEF Doc. No. 121, Affirmation in Support).

In opposition, owner argues that the discovery defendants seek is already in their possession, and that the court (N. Bannon, J.S.C.) explicitly held that the amendment to owner's complaint would not require any additional discovery (see NYSCEF Doc. No. 123, Affirmation in Opposition; see also NYSCEF Doc. No. 96, Decision and Order, dated January 11, 2024).

ANALYSIS

The doctrine of the law of the case applies to legal determinations that were necessarily resolved on the merits in a prior decision, and to the same questions presented in the same

**653381/2020 ROHAN 573 W 161 ST LLC vs. FELDMAN, YAN**
**Motion No. 004**

Page 6 of 8

case (Chanice v Fed. Exp. Corp., 118 AD3d 634 [1st Dept 2014]); see Ruiz v Anderson, 96 AD3d 691 [1st Dept 2012]). It "contemplates that the parties had a full and fair opportunity to litigate when the initial determination was made" (Chanice, 118 AD3d at 635; People v Evans, 94 NY2d 499 [2000]).

As owner argues, the prior ruling, granting owner's motion to amend the complaint (seq. no. 002), plainly held both that the amendment did **not** require any additional discovery and that defendants would not be prejudiced by the amended complaint as **they possess** the discovery pertaining to the cause of action seeking to breach the corporate veil (see NYSCEF Doc. No. 96, Decision and Order, dated January 11, 2024).

Therefore, defendants' conclusory arguments -- that it requires additional discovery and that it would be prejudiced if not permitted to seek this additional discovery -- are unavailing as previously considered and rejected (see id.). Defendants neither sought to reargue nor appeal the order (N. Banon, J.S.C.) on these issue -- and the holdings therein remain the law of the case (see Lee v Chan Ka Luk, 127 AD3d 612 [1st Dept 2015]).

In any event, it is well settled that defendants forfeit their right to discovery if -- as here -- they default in answering the complaint (see Servais v Silk Nail Corp., 96 AD3d 546 [1st Dept 2012]; see **also** Minicozzi v Gerbino, 301 AD2d 580

**653381/2020 ROHAN 573 W 161 ST LLC vs. FELDMAN, YAN**      **Page 7 of 8**
Motion No. 004

[* 7]

[2d Dept 2003] [holding that "a defendant forfeits the right to discovery by defaulting in answering the complaint"]; <u>Lee v Leifer</u>, 209 AD3d 531 [1st Dept. 2022]).

Accordingly, it is hereby:

ORDERED that motion (sequence no. 004) of defendants 577 W 161 STREET CORPORATION, YAN FELDMAN, IGOR SPIVAKOV, FAMILY HEALTH MANAGEMENT LLC, and HISPANIC MEDICAL HEALTH, P.C. is denied entirely.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

03/03/2025
_____
DATE

_____
EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

653381/2020   ROHAN 573 W 161 ST LLC vs. FELDMAN, YAN
Motion No. 004

Page 8 of 8

8 of 8