**579 Fifth Ave., LLC v Sargoy, Stein, Rosen & Shapiro**

2025 NY Slip Op 30998(U)

March 26, 2025

Supreme Court, New York County

Docket Number: Index No. 157315/2021

Judge: W. Franc Perry

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

**PRESENT:**    <u>HON. W. FRANC PERRY</u>

                              *Justice*

**PART**

-------------------------------------------------------------------------------X

579 FIFTH AVENUE, LLC

                          Plaintiff,

- v -

SARGOY, STEIN, ROSEN & SHAPIRO,

                          Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157315/2021 |
| **MOTION DATE** | 12/28/2023 |
| **MOTION SEQ. NO.** | 002 |

### AMENDED DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72

were read on this motion to/for     <u>JUDGMENT - SUMMARY</u> .

The plaintiff, 579 Fifth Avenue LLC, moved for summary judgment on December 28, 2023. The motion comes before this Court via a February 7, 2024 transfer order of the Honorable Eric Schumacher before whom this matter is pending.

The plaintiff filed a prior motion for summary judgment in this matter on May 4, 2022. This Court denied such motion on October 5, 2022 finding that there was no evidence in the record, at that time, to show whether or not the plaintiff intended the termination of the lease when the defendant abandoned the premises.

Background

Plaintiff, 579 Fifth Avenue LLC, is the owner and landlord of the building located at 579 Fifth Avenue, New York, N.Y. 10017. The plaintiff brought this action alleging that the defendant, Sargoy, Stein, Rosen & Shapiro, breached a commercial lease between the parties. The ten-year lease between the defendant, a law firm, and the landlord began on January 1, 2018 and was set to end on December 31, 2027. Defendant sent a letter to the plaintiff on February 24, 2021 informing the plaintiff that the law firm would surrender possession of the leased space on

**157315/2021   579 FIFTH AVENUE, LLC vs. SARGOY, STEIN, ROSEN & SHAPIRO**
**Motion No.  002**

Page 1 of 7

[* 1]

June 30, 2021. *See* NYSCEF Doc No. 13. The defendant in its letter notified the plaintiff of its inability to continue to be profitable at the lease premises under the required rent due to the pandemic and other changes in the tenant's business. *See Id.* Plaintiff brought the instant action on August 5, 2021 alleging breach of contract and seeking payment of the remaining rent due and attorney's fees pursuant to the lease between the parties.

Prior Motion

The plaintiff moved this Court for summary judgment on May 4, 2022. *See* NYSCEF Doc. No. 5. The Court denied such motion as no evidence was before the Court regarding whether the parties intended to terminate the lease between them when the defendant surrendered the premises. *See* NYSCEF Doc. No. 33.

Current Motion

The plaintiff files the current summary judgment motion asserting that it has now provided evidence that the plaintiff did not intend to terminate the lease when the defendant vacated the premises. The defendant asserts that the instant motion is barred by the doctrine of "the law of the case". *See Matter of Hanlon*, 189 A.D.3d 1405 (2nd Dept. 2020). Such doctrine prohibits the re-litigation of issues that have already been decided on the merits after a full and fair opportunity to litigate the issue. *See Wolf Props. Assoc., L.P. v Castle Restoration, LLC*, 174 A.D.3d 838. 8422 (2nd Dept. 2019). The doctrine "generally operates to preclude successive motions by the same party upon the same proof". *See Ruiz v. Anderson*, 96 A.D.3d 691 (1st Dept. 2012) (quoting *Colpitts v. Cascade Valley Land Corp.*, 145 A.D.2d 750 (3rd Dept. 1988). This Court has the discretion to review successive summary judgment motions. *See MTGLQ Invs., LP v Collado*, 183 A.D.3d 414 (1st Dept. 2020). In its prior decision, the Court did not determine whether the plaintiff had accepted the defendant's surrender and thus the termination of the

157315/2021   579 FIFTH AVENUE, LLC vs. SARGOY, STEIN, ROSEN & SHAPIRO
Motion No. 002

Page 2 of 7

[* 2]

2 of 7

lease. Instead, the Court simply found that no evidence had yet been submitted on that issue. *See* NYSCEF Doc. No. 33. Thus, the doctrine of "law of the case" does not preclude this Court from reaching a different outcome on a subsequent summary judgment motion than it did on a prior motion for such relief. *See Colpitts* at 751-52.

The plaintiff has now provided evidence that the plaintiff did not intend to terminate the lease and clearly expressed such to the defendant in a June 30, 2021 letter which the defendant acknowledged receipt of. *See* NYSCEF Doc. No 49. The defendant does not allege that the plaintiff intended to terminate the lease and provides no evidence that the plaintiff intended to terminate the lease by accepting the defendant's abandonment of the premises. The defendant instead solely argues that the plaintiff is barred from now seeking summary judgment based on the Court's ruling on the plaintiff's prior summary judgment motion.

When a tenant abandons the leased property, the tenant is still responsible for the rent due under the lease. *See Pollack v Ovadia*, 2019 N.Y. Misc. LEXIS 3159 at 4-5 (Sup. Ct., N.Y. County 2019). If a tenant wants to be relieved of future required rent under the lease, abandoning the premises is insufficient; the tenant instead has the burden to prove that the landlord accepted the tenant's surrender of the premises. *Id* at 5. Thus, a court must determine whether the landlord intended for the lease to be terminated. *Id.* at 5-6. Here the plaintiff clearly expressed in writing to the defendant that by accepting the premises back from the defendant, the plaintiff did not intend to surrender the lease or release the defendant from any obligations under such lease including payment of the remaining rent due. *See* NYSCEF Doc. No. 49. The defendant has provided no evidence that the plaintiff intended to release the defendant from its obligations under the lease either expressly or through the plaintiff's conduct. *See Spinelli's Pizza, Inc. v. G&T1 Corp.*, 208 A.D.3d 420 (1st Dept. 2022); *Jimenez v Henderson*, 144 A.D.3d 469 (1st

157315/2021   579 FIFTH AVENUE, LLC vs. SARGOY, STEIN, ROSEN & SHAPIRO
Motion No.  002

Page 3 of 7

[* 3]

3 of 7

Dept. 2016) and *622 Third Ave. Co., LLC v. Hyatt Leader Ltd*, 2023 N.Y. Misc. LEXIS 2347(Sup. Ct., N.Y. County 2023).

"The proponent of a motion for summary judgment must demonstrate that there are no material issues of fact in dispute, and that it is entitled to judgment as a matter of law." *See Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 (1st Dept. 2007). "Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact, which require a trial of the action." *See Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986). The court must view the evidence in the light most favorable to the nonmoving party and must give the nonmoving party the benefit of all reasonable inferences that can be drawn from the evidence. *See Bautista v. David Frankel Realty, Inc.*, 54 A.D.3d 549, 555-56 (1st Dept. 2008).

When viewing the facts of this matter in the light most favorable to the defendant, the plaintiff has shown that there are no material facts in dispute. There was a valid lease between the parties. *See* NYSCEF Doc. No. 12. The defendant abandoned the premises prior to the lease's expiration. *See* NYSCEF Doc. No. 13. At the time of the defendant's abandonment, the plaintiff expressed in writing its intent to hold the defendant to the terms of the lease including the rent and other charges due despite the defendant's abandonment of the premises. *See* NYSCEF Doc. No. 49. The defendant has provided no facts to contradict the evidence the plaintiff has provided.

In addition, the defendant's affirmative defenses are plead in a conclusory fashion lacking any detail. While the COVID-19 pandemic and the governmental restrictions instituted in response to the pandemic did temporarily disrupt the defendant's use of the premises, such

157315/2021   579 FIFTH AVENUE, LLC vs. SARGOY, STEIN, ROSEN & SHAPIRO          Page 4 of 7
Motion No.  002

4 of 7

[* 4]

finite disruption did not legally or factually constitute a casualty, impossibility of performance, commercial impracticability, constructive eviction or frustration of purpose. *See Valentino U.S.A., Inc. v. 693 Fifth Owner LLC*, 203 A.D.3d 480, (1st Dept. 2022) (finding that "frustration of purpose is not implicated by temporary governmental restrictions on in-person operations, as the parties' respective duties were to pay rent in exchange for occupying the leased premises" and that the doctrine of impossibility only applies to the "destruction of the subject matter of the contract or the means of performance makes performance objectively impossible"); *See also 558 Seventh Ave. Corp. v. Times Sq. Photo Inc.*, 194 A.D.3d 561, 562 (1st Dept. 2021) (holding reduced revenue due to pandemic did not result in impossibility of performance); *160th v. Zhao*, 2021 N.Y. Misc. LEXIS 12912 (Sup. Ct., N.Y. County 2021) (finding unforeseen financial challenges related to the COVID-19 pandemic were not a basis to relieve tenant of its obligations under a lease).

In addition, the lease directly addressed the scenarios of a cause beyond the landlord's control, a government rule or regulation or governmental action in response to a national emergency disrupting the landlord's performance under the lease and required that should such a situation arise it would not excuse the tenant's obligation to pay rent. *See* NYSCEF Doc. No 12 at Article 32.01. Here, the defendant did not begin to default on its rent obligations until July 2021 which is after all governmental pandemic restrictions were fully lifted. *See* NYSCEF Doc. Nos. 42 and 58. In addition, the defendant never notified the plaintiff of the alleged casualty. *See* NYSCEF Doc. No 12 at Article 11.01. There is no basis to allege a constructive eviction based on the short-term COVID-19 governmental restrictions which limited how many people could be in the defendant's business at the same time. *See Flatiron 30 LLC v. Continuum Co. LLC*, 2024 N.Y. App. Div. LEXIS 2628 (1st Dept. 2024) (holding that the tenant's allegation that the

157315/2021   579 FIFTH AVENUE, LLC vs. SARGOY, STEIN, ROSEN & SHAPIRO
Motion No.  002

Page 5 of 7

5 of 7

COVID-19 pandemic resulted in a constructive eviction must fail as the defendant had not shown that the "plaintiff's [landlord] 'wrongful acts [which] substantially and materially deprive[d] [defendant] of the beneficial use and enjoyment of the premises'" quoting *Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77, 83 (1970).

The remaining affirmative defenses of failure to state a claim and laches, estoppel or waiver are plead without any details and are solely without merit. In addition, the lease between the parties requires the tenant to pay attorneys' fees in connection with the prosecution of a default by the tenant. *See* NYSCEF Doc. No. 47 at Article 18.01.

ORDERED that the plaintiff's motion for summary judgment in this action for breach of contract, the lease between the parties, is hereby granted. Pursuant to such lease, the plaintiff is also entitled to an award of attorneys' fees and expenses incurred by plaintiff for the commencement and prosecution of this action. The amount of such fees will be determined once evidence of the fees and their reasonableness is provided by the parties; and it is further

ORDERED that the plaintiff's motion for summary judgment on the complaint herein is granted and the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $ 1,289,211.74 , together with interest at the rate of ___9__ % per annum from the date of __July 31, 2024_____, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.

157315/2021   579 FIFTH AVENUE, LLC vs. SARGOY, STEIN, ROSEN & SHAPIRO          Page 6 of 7
Motion No.  002

6 of 7

This constitutes the decision and order of this Court.

| 03/26/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **W. FRANC PERRY, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☐ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157315/2021   579 FIFTH AVENUE, LLC vs. SARGOY, STEIN, ROSEN & SHAPIRO**    **Page 7 of 7**
**Motion No.  002**

7 of 7

[* 7]